IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER NEAL, et al., | ) | CASE NO. 1:25-CV-2008-DCN |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT 2891 WATERLOO** |
| MARC GLASSMAN, INC., et al., | ) | **ROAD LLC'S ANSWER TO** |
| | ) | **PLAINTIFFS' FIRST AMENDED** |
| Defendants. | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| | ) | |

## ANSWER

Defendant 2891 Waterloo Road LLC ("Waterloo") states as follows for its Answer to Plaintiffs Spencer Neal's, Vivian Oeffner's, and Richard Wagner's ("Plaintiffs") First Amended Complaint for Injunctive Relief and Damages (the "Amended Complaint") (Doc #: 60). Unless expressly stated otherwise, Waterloo is without information sufficient to form a belief as to the truthfulness of any allegations in the Amended Complaint made against Defendants other than Waterloo and denies them on that basis. This Answer is made by Waterloo on its own behalf and not on behalf of any other Defendant in this matter.

**INTRODUCTION:**

1.      Waterloo states that the allegations contained in Paragraph 1 of the Amended Complaint constitute legal conclusions and characterizations of the nature of the Amended Complaint such that no response is required. To the extent a response is required, Waterloo states that the Amended Complaint speaks for itself and denies that it has committed the violations alleged therein.

1

**JURISDICTION AND VENUE:**

2.      Waterloo admits that this Court has subject matter jurisdiction over Plaintiffs' federal law claims insofar as these claims arise under the laws of the United States. Answering further, Waterloo states that the statutes cited in Paragraph 2 of the Amended Complaint speak for themselves, denies that it has committed the violations alleged therein, and reserves the right to contest the Court's jurisdiction over Plaintiffs' state law claims.

3.      Waterloo admits that venue is proper before this Court pursuant to 28 U.S.C. §1391(b).

**PARTIES:**

4.      Waterloo states that the portions of Paragraph 4 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

5.      Waterloo states that the portions of Paragraph 5 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

6.      Waterloo states that the portions of Paragraph 6 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 6 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes

2

and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

7. Waterloo states that the portions of Paragraph 7 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 7 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

8. Waterloo states that the portions of Paragraph 8 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 8 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

9. Waterloo states that the portions of Paragraph 9 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 9 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

10. Waterloo states that the portions of Paragraph 10 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 10 is not directed toward Waterloo such that

3

it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

11.     Waterloo states that the portions of Paragraph 11 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 11 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

12.     Waterloo states that the portions of Paragraph 12 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 12 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

13.     Waterloo states that the portions of Paragraph 13 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, denies that it has violated the statutes referenced therein, and admits that it is the owner of the real property located at 2891 East Waterloo Road in Akron, Ohio, which it has leased to Marc Glassman, Inc. since approximately September 2019. Waterloo further admits that it owns the commercial plaza within which Marc's operates.

14. Waterloo states that the portions of Paragraph 14 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 14 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

15. Waterloo states that the portions of Paragraph 15 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 15 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

16. Waterloo states that the portions of Paragraph 16 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 16 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

17. Waterloo states that the portions of Paragraph 17 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 17 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes

and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

18.     Waterloo states that the portions of Paragraph 18 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 18 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

19.     Waterloo states that the portions of Paragraph 19 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 19 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

20.     Waterloo states that the portions of Paragraph 20 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 20 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

21.     Waterloo states that the portions of Paragraph 21 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 21 is not directed toward Waterloo such that

it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

22.     Waterloo states that the portions of Paragraph 22 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 22 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

23.     Waterloo states that the portions of Paragraph 23 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 23 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

24.     Waterloo states that the portions of Paragraph 24 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 24 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

25.     Waterloo states that the portions of Paragraph 25 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no

response is required and that the entirety of Paragraph 25 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

26.     Waterloo states that the portions of Paragraph 26 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 26 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

27.     Waterloo states that the portions of Paragraph 27 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 27 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

28.     Waterloo states that the portions of Paragraph 28 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 28 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

29.     Waterloo states that the portions of Paragraph 29 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 29 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

30.     Waterloo states that the portions of Paragraph 30 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 30 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

31.     Waterloo states that the portions of Paragraph 31 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 31 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

32.     Waterloo states that the portions of Paragraph 32 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 32 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes

and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

33. Waterloo states that the portions of Paragraph 33 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 33 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

34. Waterloo states that the portions of Paragraph 34 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required and that the entirety of Paragraph 34 is not directed toward Waterloo such that it has no obligation to respond. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

35. Waterloo states that the portions of Paragraph 35 of the Amended Complaint addressing the effect of certain federal and state laws constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the statutes and regulations cited therein speak for themselves, and that it is without information sufficient to form a belief as to the truthfulness of the remaining allegations and on that basis denies them.

**FACTUAL ALLEGATIONS:**

36. Answering only for itself, Waterloo denies the allegations contained in Paragraph 36 of the Amended Complaint. As to all other Defendants, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of these allegations and on that basis denies them.

**NEAL'S VISITATIONS:**

37.     Waterloo states that Paragraph 37 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 37 of the Amended Complaint and on that basis denies them.

38.     Waterloo states that Paragraph 38 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 38 of the Amended Complaint and on that basis denies them.

39.     Waterloo states that Paragraph 39 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 39 of the Amended Complaint and on that basis denies them.

40.     Waterloo states that Paragraph 40 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 40 of the Amended Complaint and on that basis denies them.

41.     Waterloo states that Paragraph 41 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 41 of the Amended Complaint and on that basis denies them.

42.     Waterloo states that Paragraph 42 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo

11

states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 42 of the Amended Complaint and on that basis denies them.

43. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 43 of the Amended Complaint and on that basis denies them.[1] Answering further, Waterloo denies that it is responsible for Plaintiff Neal's experiences as a customer and/or assessor at the store located at 2891 East Waterloo Road.

a. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 43(a) of the Amended Complaint and on that basis denies them.

b. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 43(b) of the Amended Complaint and on that basis denies them. Answering further, Waterloo denies that it is responsible for any conditions that may or may not exist inside the store, including counter heights.

c. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 43(c) of the Amended Complaint and on that basis denies them. Answering further, Waterloo denies that it is responsible for any conditions that may or may not exist inside the store, including product shelf heights.

d. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 43(f) of the Amended Complaint and on that basis

---

[1] It is unclear whether Paragraph 43 of the Amended Complaint refers to the property located at 2891 Waterloo Road, as Paragraph 13 of the Amended Complaint identifies this property as "Marc's Akron," while Paragraph 43 raises allegations against "Marc's Springfield," which is not otherwise assigned to an at-issue property anywhere else in the Amended Complaint. In the Complaint, (Doc #: 1, ¶ 13), Plaintiffs referred to the 2891 Waterloo Road property as Marc's Springfield, suggesting this is merely a typographical error. To avoid unnecessary motion practice, counsel for Waterloo sought clarification from Plaintiffs' counsel on this issue but received no response prior to filing this Answer. If Marc's Springfield is determined to refer to a different property, Waterloo reserves the right to seek leave to amend this Answer pursuant to Fed. R. Civ. P. 15.

denies them. Answering further, Waterloo denies that it is responsible for any conditions that may or may not exist inside the store, including restrooms.

44. Waterloo states that Paragraph 44 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 44 of the Amended Complaint and on that basis denies them.

45. Waterloo states that Paragraph 45 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 45 of the Amended Complaint and on that basis denies them.

46. Waterloo states that Paragraph 46 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 46 of the Amended Complaint and on that basis denies them.

47. Waterloo states that Paragraph 47 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 47 of the Amended Complaint and on that basis denies them.

48. Waterloo states that Paragraph 48 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 48 of the Amended Complaint and on that basis denies them.

13

49.     Waterloo states that Paragraph 49 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 49 of the Amended Complaint and on that basis denies them.

50.     Waterloo states that Paragraph 50 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 50 of the Amended Complaint and on that basis denies them.

51.     Waterloo states that Paragraph 51 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 51 of the Amended Complaint and on that basis denies them.

52.     Waterloo states that Paragraph 52 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 52 of the Amended Complaint and on that basis denies them.

53.     Waterloo states that Paragraph 53 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 53 of the Amended Complaint and on that basis denies them.

54.     Waterloo states that Paragraph 54 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo

states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 54 of the Amended Complaint and on that basis denies them.

55. Waterloo states that Paragraph 55 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 55 of the Amended Complaint and on that basis denies them.

56. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 56 of the Amended Complaint and on that basis denies them. Answering further, Waterloo expressly denies that it violated applicable federal and state law, that it infringed Plaintiff Neal's civil rights, or caused Plaintiff Neal embarrassment and humiliation.

57. Waterloo states that the allegations contained in Paragraph 57 of the Amended Complaint constitute characterizations of the Amended Complaint and Plaintiff Neal's future plans, such that no response is required. To the extent that a response is required, Waterloo states that the Amended Complaint speaks for itself.

**OEFFNER'S VISITATIONS:**

58. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 58 of the Amended Complaint and on that basis denies them, except that Waterloo admits that it is generally aware of the lawsuit referenced therein and filed by Plaintiff Oeffner. Answering further, Waterloo states that Paragraph 58 concerns events at Marc's Hartville, a property not owned by Waterloo, and is therefore not directed toward Waterloo such that it has no obligation to respond.

15

59. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 59 of the Amended Complaint and on that basis denies them.

60. Waterloo states that Paragraph 60 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 60 of the Amended Complaint and on that basis denies them.

61. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 61 of the Amended Complaint and on that basis denies them.[2] Answering further, Waterloo denies that it is responsible for Plaintiff Oeffner's experiences as a customer and/or assessor at the store located at 2891 East Waterloo Road.

   a. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 61(a) of the Amended Complaint and on that basis denies them.

   b. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 61(b) of the Amended Complaint and on that basis denies them. Answering further, Waterloo denies that it is responsible for any conditions that may or may not exist inside the store, including counter heights.

   c. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 61(c) of the Amended Complaint and on that basis denies them. Answering further, Waterloo denies that it is responsible for any conditions that may or may not exist inside the store, including restrooms.

---

[2] As with Paragraph 43, Paragraph 61 of the Amended Complaint refers to Marc's Springfield, rather than Marc's Akron. Waterloo similarly reserves all rights with respect to Paragraph 61.

d.  Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 61(d) of the Amended Complaint and on that basis denies them. Answering further, Waterloo denies that it is responsible for any conditions that may or may not exist inside the store, including product shelf heights.

62.  Waterloo states that Paragraph 62 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 62 of the Amended Complaint and on that basis denies them.

63.  Waterloo states that Paragraph 63 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 63 of the Amended Complaint and on that basis denies them.

64.  Waterloo states that Paragraph 64 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 64 of the Amended Complaint and on that basis denies them.

65.  Waterloo states that Paragraph 65 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 65 of the Amended Complaint and on that basis denies them.

66.  Waterloo states that Paragraph 66 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo

states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 66 of the Amended Complaint and on that basis denies them.

67.     Waterloo states that Paragraph 67 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 67 of the Amended Complaint and on that basis denies them.

68.     Waterloo states that Paragraph 68 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 68 of the Amended Complaint and on that basis denies them.

69.     Waterloo states that Paragraph 69 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 69 of the Amended Complaint and on that basis denies them.

70.     Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 70 of the Amended Complaint and on that basis denies them. Answering further, Waterloo expressly denies that it violated applicable federal and state law, that it infringed Plaintiff Oeffner's civil rights, or caused Plaintiff Oeffner embarrassment and humiliation.

71.     Waterloo states that the allegations contained in Paragraph 71 of the Amended Complaint constitute characterizations of the Amended Complaint and Plaintiff Oeffner's future plans, such that no response is required. To the extent that a response is required, Waterloo states that the Amended Complaint speaks for itself.

18

**WAGNER'S VISITATIONS:**

72. Waterloo states that Paragraph 72 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 72 of the Amended Complaint and on that basis denies them.

73. Waterloo states that Paragraph 73 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 73 of the Amended Complaint and on that basis denies them.

74. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 74 of the Amended Complaint and on that basis denies them. Answering further, Waterloo expressly denies that it violated applicable federal and state law, that it infringed Plaintiff Wagner's civil rights, or caused Plaintiff Wagner embarrassment and humiliation.

75. Waterloo states that the allegations contained in Paragraph 75 of the Amended Complaint constitute characterizations of the Amended Complaint and Plaintiff Wagner's future plans, such that no response is required. To the extent that a response is required, Waterloo states that the Amended Complaint speaks for itself.

76. Waterloo states that the allegations contained in Paragraph 76 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo admits that the store operated by Marc Glassman, Inc. at 2891 Waterloo Road constitutes a place of public accommodation, but denies that Waterloo has any relationship with Marc Glassman, Inc. beyond that created by the lease existing between them. Answering

19

further, Waterloo denies that it is jointly and severally liable with any other Defendant for the allegations raised in the Amended Complaint.

77. Waterloo states that the allegations contained in Paragraph 77 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the federal regulation cited therein speaks for itself. Answering further, Waterloo denies that it is jointly and severally liable with any other Defendant for the allegations raised in the Amended Complaint.

78. Waterloo states that the allegations contained in Paragraph 78 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the federal regulations cited therein speak for themselves. Answering further, Waterloo denies that it is jointly and severally liable with any other Defendant for the allegations raised in the Amended Complaint.

79. Waterloo states that Paragraph 79 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 79 of the Amended Complaint and on that basis denies them.

80. Waterloo states that Paragraph 80 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 80 of the Amended Complaint and on that basis denies them.

81. Waterloo states that Paragraph 81 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. Answering further, Waterloo states that the allegations contained in Paragraph 81 of the Amended Complaint constitute legal conclusions such

20

that no response is required. To the extent a response is required, Waterloo states that the federal regulations cited therein speak for themselves. Answering further, Waterloo denies that it is jointly and severally liable with any other Defendant for the allegations raised in the Amended Complaint.

82. Waterloo states that Paragraph 82 of the Amended Complaint is not directed toward Waterloo such that it is not obligated to respond. Answering further, Waterloo states that the allegations contained in Paragraph 82 of the Amended Complaint constitute descriptions of Plaintiffs' future plans, such that no response is required. To the extent that a response is required, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 82 of the Amended Complaint and on that basis denies them.

83. Waterloo states that the allegations contained in Paragraph 83 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the federal regulations cited therein speak for themselves. Answering further, Waterloo denies the allegations contained therein.

84. Waterloo denies the allegations contained in Paragraph 84 of the Amended Complaint.

85. Waterloo denies the allegations contained in Paragraph 85 of the Amended Complaint.

86. Waterloo states that the allegations contained in Paragraph 86 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the federal regulations cited therein speak for themselves and denies the allegations contained therein.

21

87. Waterloo states that the allegations contained in Paragraph 87 of the Amended Complaint constitute characterizations of the relief sought by Plaintiffs such that no response is required. To the extent that a response is required, Waterloo states that the Amended Complaint speaks for itself and denies that Plaintiffs are entitled to the relief sought.

88. Waterloo denies the allegations contained in Paragraph 88 of the Amended Complaint.

89. Waterloo denies the allegations contained in Paragraph 89 of the Amended Complaint.

90. Waterloo states that the allegations contained in Paragraph 90 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the referenced federal and state laws speak for themselves and denies the allegations contained therein.

91. Waterloo states that the allegations contained in Paragraph 91 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the referenced federal and state laws speak for themselves and denies the allegations contained therein.

92. Waterloo states that the allegations contained in Paragraph 92 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the referenced federal and state laws speak for themselves and denies the allegations contained therein.

93. Waterloo denies the allegations contained in Paragraph 93 of the Amended Complaint.

94. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 94 of the Amended Complaint and on that basis denies them.

95. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 95 of the Amended Complaint and on that basis denies them.

96. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 96 of the Amended Complaint and on that basis denies them.

97. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 97 of the Amended Complaint and on that basis denies them.

**CLASS ALLEGATIONS:**

98. Waterloo incorporates the preceding paragraphs as if fully set forth herein.

99. Waterloo denies the allegations contained in Paragraph 99 of the Amended Complaint.

100. Waterloo states that the allegations contained in Paragraph 100 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo denies the allegations contained therein.

101. Waterloo states that the allegations contained in Paragraph 101 of the Amended Complaint constitute characterizations of Plaintiffs' future plans such that no response is required. To the extent a response is required, Waterloo denies the allegations contained therein.

102. Waterloo denies the allegations contained in Paragraph 102 of the Amended Complaint and particularly denies that the numerosity requirement for class certification is satisfied here.

103. Waterloo denies the allegations contained in Paragraph 103 of the Amended Complaint and particularly denies that the adequacy requirement for class certification is satisfied here.

104. Waterloo denies the allegations contained in Paragraph 104 of the Amended Complaint and particularly denies that the typicality requirement for class certification is satisfied here.

105. Waterloo denies the allegations contained in Paragraph 105 of the Amended Complaint and particularly denies that the commonality requirement for class certification is satisfied here.

106. Waterloo denies the allegations contained in Paragraph 106 of the Amended Complaint and particularly denies that the predominance requirement for class certification is satisfied here.

107. Waterloo denies the allegations contained in Paragraph 107 of the Amended Complaint and particularly denies that the superiority requirement for class certification is satisfied here.

108. Waterloo denies the allegations contained in Paragraph 108 of the Amended Complaint.

109. Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 109 of the Amended Complaint and on that basis denies them.

110.    Waterloo states that the allegations contained in Paragraph 110 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo denies the allegations contained therein.

111.    Waterloo states that the allegations contained in Paragraph 111 of the Amended Complaint constitute characterizations of Plaintiffs' future plans such that no response is required. To the extent a response is required, Waterloo denies the allegations contained therein and particularly denies that it should bear the cost of notifying putative class members.

**CAUSES OF ACTION**

**I.      DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. § 12101, et seq.)**

112.    Waterloo incorporates the preceding paragraphs as if fully set forth herein.

113.    Waterloo states that the referenced statute and congressional findings contained in Paragraph 113 of the Amended Complaint speak for themselves and denies any allegations inconsistent with the same.

114.    Waterloo states that the referenced statute and congressional findings contained in Paragraph 114 of the Amended Complaint speak for themselves and denies any allegations inconsistent with the same.

115.    Waterloo states that the statute referenced in Paragraph 115 of the Amended Complaint speaks for itself and denies any allegations inconsistent with the same.

116.    Waterloo states that the statute referenced in Paragraph 116 of the Amended Complaint speaks for itself and denies any allegations inconsistent with the same.

117.    Waterloo states that the statute referenced in Paragraph 117 of the Amended Complaint speaks for itself and denies any allegations inconsistent with the same.

25

118.    Waterloo denies the allegations contained in Paragraph 118 of the Amended Complaint.

119.    Waterloo states that the allegations contained in Paragraph 119 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo denies the allegations contained therein.

120.    Waterloo states that the allegations contained in Paragraph 120 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the statute referenced therein speaks for itself and denies the allegations contained therein.

121.    Waterloo states that the Americans with Disabilities Act speaks for itself and denies any allegations inconsistent with the same. Answering further, Waterloo states that it is without information sufficient to form a belief as to the truthfulness of the allegation that all of the work "complained of herein occurred after the compliance date" for the ADA, but generally answers that the real property located at 2891 Waterloo Road has housed a Marc's grocery store since 1997 and Waterloo did not come to own this property or lease it to Marc Glassman, Inc. until 2019.

122.    Waterloo states that the Americans with Disabilities Act and Civil Rights Act of 1964 speak for themselves and denies any allegations inconsistent with the same. Answering further, Waterloo denies the allegations contained in Paragraph 122 of the Amended Complaint.

123.    Waterloo states that the statutes referenced in Paragraph 123 of the Amended Complaint speak for themselves and denies any allegations inconsistent with the same. Answering further, Waterloo is without information sufficient to form a belief as to the truthfulness of the allegations contained therein and denies them on that basis.

124.    Waterloo states that the Civil Rights Act, the Americans with Disabilities Act, and accompanying regulations speak for themselves and denies any allegations inconsistent with the same. Answering further, Waterloo denies the allegations contained in Paragraph 124 of the Amended Complaint and particularly denies that Plaintiffs are entitled to any of the relief sought therein.

## II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, et seq.

125.    Waterloo incorporates the preceding paragraphs as if fully set forth herein.

126.    Waterloo states that the statute referenced in Paragraph 126 of the Amended Complaint speaks for itself and denies any allegations inconsistent with the same.

127.    Waterloo states that the allegations contained in Paragraph 127 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the statute referenced therein speaks for itself and denies any allegations inconsistent with the same.

128.    Waterloo denies the allegations contained in Paragraph 128 of the Amended Complaint.

129.    Waterloo denies the allegations contained in Paragraph 129 of the Amended Complaint.

130.    Waterloo states that the statute referenced in Paragraph 130 of the Amended Complaint speaks for itself and denies any allegations inconsistent with the same. Answering further, Waterloo denies that Plaintiffs are entitled to any of the relief sought therein.

131.    Waterloo denies the allegations contained in Paragraph 131 of the Amended Complaint.

132.    Waterloo denies the allegations contained in Paragraph 132 of the Amended Complaint.

133.    Waterloo denies the allegations contained in Paragraph 133 of the Amended Complaint.

134.    Waterloo denies the allegations contained in Paragraph 134 of the Amended Complaint.

135.    Waterloo states that the statute referenced in Paragraph 135 of the Amended Complaint speaks for itself and denies any allegations inconsistent with the same. Answering further, Waterloo denies that Plaintiffs are entitled to any of the relief sought therein.

## III.    THIRD CAUSE OF ACTION FOR VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT, R.C. 1345, et seq.

136.    Waterloo incorporates the preceding paragraphs as if fully set forth herein.

137.    Waterloo states that the allegations contained in Paragraph 137 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo states that the statute referenced in Paragraph 137 of the Amended Complaint speaks for itself and denies any allegations inconsistent with the same.

138.    Waterloo states that the allegations contained in Paragraph 138 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo denies the allegations contained therein.

139.    Waterloo states that the allegations contained in Paragraph 139 of the Amended Complaint constitute legal conclusions such that no response is required. To the extent a response is required, Waterloo denies the allegations contained therein.

28

**PRAYER FOR RELIEF:**

**I.  PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. § 12101, et seq.)**

1.  Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 1 of the Prayer for Relief section of the Amended Complaint.

2.  Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 2 of the Prayer for Relief section of the Amended Complaint.

3.  Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 3 of the Prayer for Relief section of the Amended Complaint.

4.  Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 4 of the Prayer for Relief section of the Amended Complaint.

**II.  PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, et seq.**

5.  Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 5 of the Prayer for Relief section of the Amended Complaint.

6.  Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 6 of the Prayer for Relief section of the Amended Complaint.

7.  Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 7 of the Prayer for Relief section of the Amended Complaint.

8.  Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 8 of the Prayer for Relief section of the Amended Complaint.

9.  Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 9 of the Prayer for Relief section of the Amended Complaint.

10.  Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 10 of the Prayer for Relief section of the Amended Complaint.

11.     Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 11 of the Prayer for Relief section of the Amended Complaint.

12.     Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 12 of the Prayer for Relief section of the Amended Complaint.

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT, R.C. 1345, et seq.**

13.     Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 13 of the Prayer for Relief section of the Amended Complaint.

14.     Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 14 of the Prayer for Relief section of the Amended Complaint.

15.     Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 15 of the Prayer for Relief section of the Amended Complaint.

16.     Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 16 of the Prayer for Relief section of the Amended Complaint.

17.     Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 17 of the Prayer for Relief section of the Amended Complaint.

18.     Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 18 of the Prayer for Relief section of the Amended Complaint.

19.     Waterloo denies that Plaintiffs are entitled to the relief sought in Paragraph 19 of the Prayer for Relief section of the Amended Complaint.

To the extent any remaining allegations contained in the Amended Complaint have not been expressly addressed throughout this Answer, Waterloo denies them.

<u>**AFFIRMATIVE DEFENSES**</u>

These affirmative defenses are made based on the information presently available to Waterloo; it reserves the right to amend these affirmative defenses should additional information

30

become available as this matter proceeds. Waterloo raises the following affirmative defenses as to the claims raised in the Amended Complaint:

1.      Waterloo incorporates the preceding paragraphs as if fully set forth herein.

2.      Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

3.      Plaintiffs lack standing under Article III of the United States Constitution to bring these claims.

4.      The Court lacks subject matter jurisdiction over Plaintiffs' state law claims.

5.      Plaintiff Oeffner's claims are barred by the doctrines of res judicata and collateral estoppel (*i.e.*, claim and issue preclusion).

6.      Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

7.      Plaintiffs have failed to exhaust their administrative remedies.

8.      Waterloo has been in full compliance with the Americans with Disabilities Act and equivalent applicable state law at all relevant times.

9.      Plaintiffs' claims fail because Plaintiffs did not request a reasonable accommodation from Waterloo.

10.     Plaintiffs' claims fail because Plaintiffs did not provide Waterloo with adequate notice of their disabilities or desire for reasonable accommodation.

11.     Plaintiffs' claims fail because Plaintiffs did not permit Waterloo the opportunity to provide reasonable accommodation in good faith.

12.     The facility located at 2891 Waterloo Road is an existing facility within the meaning of Title III of the Americans with Disabilities Act.

31

13.     Upon information and belief, the facility located at 2891 Waterloo Road was constructed in compliance with a valid and appropriate state or local building permit.

14.     Upon information and belief, the facility located at 2891 Waterloo Road was constructed in compliance with the Uniform Federal Accessibility Standards in effect at the time the building permits were issued.

15.     The Americans with Disabilities Act does not authorize all of the relief which Plaintiffs seek here.

16.     The modifications, injunctive relief, and/or specific performance Plaintiffs seek would create an undue burden or expense and are not readily achievable.

17.     The modifications, injunctive relief, and/or specific performance Plaintiffs seek would result in a fundamental alteration of the nature of the goods, services, or facilities they provide.

18.     Plaintiffs were not denied access due to the removal of barriers that are readily achievable.

19.     Plaintiffs did not attempt to access the premises in question and have no real intention of returning to said premises.

20.     It is structurally impractical to meet the requirements contained in the Amended Complaint.

21.     Plaintiffs' alleged injuries and/or damages, if any, were caused by the acts or omissions of third parties over whom Waterloo has no control and for which Waterloo is not legally responsible.

22.     Plaintiffs' Amended Complaint fails to sufficiently allege and Plaintiffs' claims fail to meet each of the class certification requirements of Federal Rule of Civil Procedure 23,

32

including numerosity, commonality, typicality, adequacy, and predominance under Rule 23(a)(1-4) and 23(b)(1-3).

23.     Waterloo is a landlord out of possession of the facility located at 2891 Waterloo Road. Waterloo leased the property to Marc Glassman, Inc., which has operated, managed, and maintained the facility as its tenant. Plaintiffs' claims against Waterloo are barred to the extent they seek to hold Waterloo liable for conditions within or relating to a premises over which it has relinquished possession and control to its tenant.

24.     The conditions of which Plaintiffs complain satisfied the 1991 ADA Standards for Accessible Design in effect at the time the facility was constructed and/or last altered. Plaintiffs' claims are therefore barred by the Safe Harbor Doctrine, which provides that elements of a facility that comply with the 1991 Standards are not required to be brought into compliance with the 2010 Standards absent a subsequent alteration to that element.

25.     Plaintiffs' requested barrier removal as to Waterloo's property is subject to the Disproportionality Doctrine set forth in 28 C.F.R. § 36.403(f), which limits the obligation to expend funds on path-of-travel accessibility improvements to no more than 20% of the cost of the alteration that triggered the obligation. To the extent Plaintiffs' requested barrier removal would exceed this threshold, their claims are barred.

26.     Plaintiffs' requested barrier removal as to Waterloo's property is technically infeasible in that compliance with the accessibility requirements would require removal or alteration of a load-bearing structural member or is precluded by existing physical or site constraints that prohibit modification or addition of elements, spaces, or features.

27.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of impossibility of performance, in that certain of the accommodations or barrier removals requested by Plaintiffs

33

cannot be accomplished at the facility located at 2891 Waterloo Road due to the physical characteristics of the existing structure and site.

28.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own actions and conduct, including but not limited to visiting Waterloo's property for the primary purpose of identifying and documenting barriers rather than for genuine patronage, thereby manufacturing the injuries of which they complain.

29.     Plaintiffs' claims for damages under the Ohio Consumer Sales Practices Act, R.C. 1345, *et seq.* are barred because there exists no prior Ohio Attorney General rule adopted under R.C. 1345.05(B)(2) or prior publicly available court decision that has declared the conduct alleged against Waterloo to be deceptive or unconscionable, as required by R.C. 1345.09(B) as a prerequisite to the recovery of damages.

30.     Plaintiffs' Claims for damages under the Ohio Consumer Sales Practices Act, R.C. 1345, *et seq.* are barred because the damages outlined in R.C. 1345.09(B) are expressly identified by the statute as not being available in class action lawsuits.

31.     Plaintiffs' claims for attorney fees under the Ohio Consumer Sales Practices Act, R.C. 1345, et seq. are barred because Waterloo did not commit a knowing violation of R.C. 1345.02 or R.C. 1345.03, as required by R.C. 1345.09(F) as a prerequisite to the recovery of attorney fees.

32.     Plaintiffs' claims for damages under the Ohio Consumer Sales Practices Act, R.C. 1345, et seq. are barred because Plaintiffs suffered no actual damages caused by any act or omission of Waterloo.

33.     Plaintiffs have failed to join indispensable and/or necessary parties to this action and have failed to plead any reason for such non-joinder.

34

**WHEREFORE,** Waterloo respectfully requests that the Court grant the following relief:

1.        Dismiss Plaintiffs' claims against Waterloo.

2.        In the alternative, enter an order pursuant to Federal Rule of Civil Procedure 23(d)(1)(D) requiring Plaintiffs to amend the Amended Complaint to eliminate allegations about representation of absent persons.

3.        Award Waterloo the costs of this action, including reasonable attorneys' fees, and such other relief that the Court deems just and proper.

Dated: May 14, 2026

Respectfully submitted,

 */s/ David M. Walters*
Robert A. Zimmerman (0055478)
David M. Walters (0104248)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:     216-363-4500
Facsimile:     216-363-4588
Email: rzimmerman@beneschlaw.com
            dwalters@beneschlaw.com

*Attorneys for Defendant 2891 Waterloo Road LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2026 a copy of the foregoing *Defendant 2891 Waterloo Road LLC's Answer to Plaintiffs' First Amended Complaint* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ David M. Walters
DAVID M. WALTERS (0104248)
*Attorney for Defendant 2891 Waterloo Road LLC*

36