**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPENCER NEAL, *et al.*, | ) | CASE NO. 1:25-cv-02008-dcn |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MARC GLASSMAN, INC. | ) | |
| d/b/a Marc's Discount Drug Store,  *et al.* | ) | |
| | ) | **ANSWER OF LRC MAGIC** |
| Defendants. | ) | **INVESTORS, LTD. TO PLAINTIFFS'** |
| | ) | **FIRST AMENDED COMPLAINT** |
| | ) | |

**ANSWER[1]**

Defendant, LRC Magic Investors, Ltd. ("LRC"), hereby states its Answer to the First

Amended Complaint of Plaintiffs, Spencer Neal, Vivian Oefferner, and Richard Wagner

(collectively "Plaintiffs"), as follows:

**INTRODUCTION:**

1.      Paragraph 1 of Plaintiffs' First Amended Complaint states a legal conclusion

concerning the nature of the claims and therefore does not necessitate a response.

Notwithstanding the foregoing, LRC denies that it has violated the cited laws and regulations

and denies for lack of knowledge sufficient to form a belief whether any other defendant has

committed any such violation. LRC further denies that Plaintiffs are entitled to any of the relief

sought in Plaintiffs' First Amended Complaint.

**JURISDICTION AND VENUE:**

---

[1] Defendant LRC intends to preserve its Crossclaim against Marc Glassman, Inc. for Indemnification as stated in ECF Doc. No. 12.  LRC is not restating that Crossclaim here in order to avoid needless duplicative pleading.  LRC's failure to replead the Crossclaim in this Answer should not be interpreted as an intent to waive any such claims.

2.      LRC admits that this Court has subject matter jurisdiction over Plaintiffs' federal claims to the extent Plaintiffs have asserted viable claims under the ADA. LRC denies the remaining allegations in Paragraphs 2 of Plaintiffs' First Amended Complaint.

3.      LRC admits Paragraph 3 of Plaintiffs' First Amended Complaint.

**PARTIES:**

4.      LRC denies Paragraph 4 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

5.      LRC admits that Marc's operates a number of retail store outlets in Northern Ohio. LRC denies for want of knowledge the number of outlets operated by Marc's. LRC further admits that such locations constitute public accommodations under 42 U.S.C. § 12181(7) and O.R.C. § 4112.01(A)(9). LRC denies the remaining allegations in Paragraph 5 of Plaintiffs' First Amended Complaint.

6.      LRC denies Paragraph 6 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

7.      LRC admits that it owns the shopping center located at 241 Wooster Road North in Barberton, Ohio and the commercial plaza within which Marc's operates. LRC further admits that it has entered into a lease agreement with Marc's, under which it leases a certain portion the shopping center to Marc's in which Marc's operates a retail store that constitutes a public accommodation under 42 U.S.C. § 12181(7) and O.R.C. § 4112.01(A)(9). LRC denies the remaining allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint.

8.      LRC denies Paragraph 8 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

9.    LRC denies Paragraph 9 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

10.    LRC denies Paragraph 10 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

11.    LRC denies Paragraph 11 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

12.    LRC denies Paragraph 12 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

13.    LRC denies Paragraph 13 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

14.    LRC denies Paragraph 14 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

15.    LRC denies Paragraph 15 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

16.    LRC denies Paragraph 16 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

17.    LRC denies Paragraph 17 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

18.    LRC denies Paragraph 18 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

19.    LRC denies Paragraph 19 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

20. LRC denies Paragraph 20 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

21. LRC denies Paragraph 21 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

22. LRC denies Paragraph 22 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

23. LRC denies Paragraph 23 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

24. LRC denies Paragraph 24 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

25. LRC denies Paragraph 25 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

26. LRC denies Paragraph 26 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

27. LRC denies Paragraph 27 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

28. LRC denies Paragraph 28 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

29. LRC denies Paragraph 29 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

30. LRC denies Paragraph 30 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

31. LRC denies Paragraph 31 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

32. LRC denies Paragraph 32 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

33. LRC denies Paragraph 33 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

34. LRC denies Paragraph 34 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

35. As to Paragraph 7 only, LRC admits that the Marc's retail outlets constitute public accommodations under 42 U.S.C. § 12181(7) and O.R.C. § 4112.01(A)(9). LRC denies the remaining allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

**FACTUAL ALLEGATIONS:**

36. LRC denies Paragraph 36 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

### <u>NEAL'S VISITATIONS</u>

37. LRC denies Paragraph 37 and subparagraphs a through h of Plaintiffs' First Amended Complaint for lack or want or knowledge.

38. LRC denies that Neal encountered inaccessible elements constituting architectural barriers and that he was denied proper and legally required access. LRC denies the remaining allegations of the main section of Paragraph 38 of Plaintiffs' First Amended Complaint for lack or want or knowledge.

     a. LRC denies Subparagraph 38.a. of Plaintiffs' First Amended Complaint.

5

      b.      LRC denies Subparagraph 38.b. of Plaintiffs' First Amended Complaint.

      c.      LRC denies that Neal was forced to travel in the roadway to the main entrance of the Marc's store. LRC denies the remaining allegations in Subparagraph 38.c. of Plaintiffs' First Amended Complaint for lack or want of knowledge.

      d.      LRC denies Subparagraph 38.d. of Plaintiffs' First Amended Complaint for lack or want of knowledge.

      e.      LRC denies Subparagraph 38.e. of Plaintiffs' First Amended Complaint for lack or want of knowledge.

39.      LRC denies Paragraph 39 and subparagraphs a through i of Plaintiffs' First Amended Complaint for lack or want or knowledge.

40.      LRC denies Paragraph 40 and subparagraphs a through j of Plaintiffs' First Amended Complaint for lack or want or knowledge.

41.      LRC denies Paragraph 41 and subparagraphs a through h of Plaintiffs' First Amended Complaint for lack or want or knowledge.

42.      LRC denies Paragraph 42 and subparagraphs a through e of Plaintiffs' First Amended Complaint for lack or want or knowledge.

43.      LRC denies Paragraph 43 and subparagraphs a, b, f, c (sic) of Plaintiffs' First Amended Complaint for lack or want or knowledge.

44.      LRC denies Paragraph 44 and subparagraphs a through e of Plaintiffs' First Amended Complaint for lack or want or knowledge.

45.      LRC denies Paragraph 45 and subparagraphs a through d of Plaintiffs' First Amended Complaint for lack or want or knowledge.

46.     LRC denies Paragraph 46 and subparagraphs a through i of Plaintiffs' First Amended Complaint for lack or want or knowledge.

47.     LRC denies Paragraph 47 and subparagraphs a through e of Plaintiffs' First Amended Complaint for lack or want or knowledge.

48.     LRC denies Paragraph 48 and subparagraphs a through e of Plaintiffs' First Amended Complaint for lack or want or knowledge.

49.     LRC denies Paragraph 49 and subparagraphs a through e of Plaintiffs' First Amended Complaint for lack or want or knowledge.

50.     LRC denies Paragraph 50 and subparagraphs a through d of Plaintiffs' First Amended Complaint for lack or want or knowledge.

51.     LRC denies Paragraph 51 and subparagraphs a through f of Plaintiffs' First Amended Complaint for lack or want or knowledge.

52.     LRC denies Paragraph 52 and subparagraphs a through e of Plaintiffs' First Amended Complaint for lack or want or knowledge.

53.     LRC denies Paragraph 53 and subparagraphs a through g of Plaintiffs' First Amended Complaint for lack or want or knowledge.

54.     LRC denies Paragraph 54 and subparagraphs a through h of Plaintiffs' First Amended Complaint for lack or want or knowledge.

55.     LRC denies Paragraph 55 and subparagraphs a through g of Plaintiffs' First Amended Complaint for lack or want or knowledge.

56.     As to LRC, LRC denies Paragraph 56 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 56 for lack or want of knowledge.

7

57. As to LRC, LRC denies Paragraph 57 of Plaintiffs' First Amended Complaint and specifically denies that Plaintiffs are entitled to class certification in this matter. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 57 for lack or want of knowledge.

## OEFFNER'S VISITATIONS

58. LRC denies Paragraph 58 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

59. LRC denies Paragraph 59 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

60. LRC denies Paragraph 60 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

61. LRC denies Paragraph 61 and subparagraphs a through d of Plaintiffs' First Amended Complaint for lack or want of knowledge.

62. LRC denies Paragraph 62 and subparagraphs a through h of Plaintiffs' First Amended Complaint for lack or want of knowledge.

63. LRC denies Paragraph 63 and subparagraphs a through h of Plaintiffs' First Amended Complaint for lack or want of knowledge.

64. LRC denies Paragraph 64 and subparagraphs a through d of Plaintiffs' First Amended Complaint for lack or want of knowledge.

65. LRC denies Paragraph 65 and subparagraphs a through g of Plaintiffs' First Amended Complaint for lack or want of knowledge.

66. LRC denies Paragraph 66 and subparagraphs a through e of Plaintiffs' First Amended Complaint for lack or want of knowledge.

67.     LRC denies Paragraph 67 and subparagraphs a through d of Plaintiffs' First Amended Complaint for lack or want of knowledge.

68.     LRC denies Paragraph 68 and subparagraphs a through d of Plaintiffs' First Amended Complaint for lack or want of knowledge.

69.     LRC denies Paragraph 69 and subparagraphs a through d of Plaintiffs' First Amended Complaint for lack or want of knowledge.

70.     LRC denies Paragraph 70 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

71.     LRC denies Paragraph 71 Plaintiffs' First Amended Complaint for lack or want of knowledge and specifically denies that Plaintiffs are entitled to class certification in this matter.

## WAGNER'S VISITATIONS

72.     LRC denies Paragraph 72 and subparagraphs a through g of Plaintiffs' First Amended Complaint for lack or want of knowledge.

73.     LRC denies Paragraph 73 and subparagraphs a through g of Plaintiffs' First Amended Complaint for lack or want of knowledge.

74.     LRC denies Paragraph 74 Plaintiffs' First Amended Complaint for lack or want of knowledge and specifically denies that Plaintiffs are entitled to class certification in this matter.

75.     LRC denies Paragraph 75 Plaintiffs' First Amended Complaint for lack or want of knowledge and specifically denies that Plaintiffs are entitled to class certification in this matter.

76. LRC admits that the Marc's retail outlets constitute public accommodations under 42 U.S.C. § 12181(7) and O.R.C. § 4112.01(A)(9). LRC denies the remaining allegations contained in Paragraph 76 of Plaintiffs' First Amended Complaint.

77. LRC admits that the current version of 28 CFR § 36.201(b) is quoted by Plaintiffs. LRC denies the remaining allegations and legal conclusions stated in Paragraph 77 of Plaintiffs' First Amended Complaint.

78. LRC admits that the current versions of 28 CFR § 36.211(a) and § 35.133(a) are quoted by Plaintiffs. LRC denies the remaining allegations and legal conclusions stated in Paragraph 78 of Plaintiffs' First Amended Complaint.

79. LRC denies that Plaintiffs are unable to identify the names of the 52 additional unnamed stores operated by Marc's as lessee and owned by the Doe Business Entities as these are matters of public record. LRC denies the remaining allegations and legal conclusions stated in Paragraph 79 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

80. LRC denies Paragraph 80 of Plaintiffs' First Amended Complaint.

81. LRC admits that the current versions of 28 CFR § 36.201(b), § 36.211(a), and § 35.133(a) are quoted by Plaintiffs. LRC denies the remaining allegations and legal conclusions stated in Paragraph 81 of Plaintiffs' First Amended Complaint.

82. LRC denies that the corporate names, business addresses, and locations of the Doe Business Entities are unavailable to Plaintiffs as these are matters of public record and/or are advertised widely to the public and are generally known. LRC denies that Plaintiffs are entitled to any amendment of their pleadings outside of that strictly permitted by Fed.R.Civ.P. 15, Fed.R.Civ.P. 16, and the orders of this Court. LRC denies the remaining allegations in Paragraph 82 of Plaintiffs' First Amended Complaint.

83. As to LRC, LRC denies Paragraph 83 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 83 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

84. As to LRC, LRC denies Paragraph 84 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 84 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

85. As to LRC, LRC denies Paragraph 85 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 85 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

86. As to LRC, LRC denies Paragraph 86 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 86 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

87. Paragraph 87 of Plaintiffs' First Amended Complaint merely states the nature of Plaintiffs' claims and prayers for relief and does not necessitate a response. Notwithstanding the foregoing, LRC denies that Plaintiffs are entitled to any requested relief and deny the remaining allegations of Paragraph 87 of the Complaint.

88. As to LRC, LRC denies Paragraph 88 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 88 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

89. As to LRC, LRC denies Paragraph 89 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 89 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

90. As to LRC, LRC denies Paragraph 90 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 90 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

91. As to LRC, LRC denies Paragraph 91 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 91 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

92. As to LRC, LRC denies Paragraph 92 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 92 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

93. As to LRC, LRC denies Paragraph 93 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 93 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

94. LRC denies that Plaintiffs intended to patronize the Marc's stores. LRC denies the remaining allegations in Paragraph 94 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

95. LRC denies that Plaintiffs intended to patronize the Marc's stores. LRC denies the remaining allegations in Paragraph 95 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

96. As to LRC, LRC denies that the Barberton Marc's store is not accessible. LRC denies the remaining allegations in Paragraph 96 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

97. LRC denies that Plaintiffs intended to patronize the Marc's stores. LRC denies the remaining allegations in Paragraph 97 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

**CLASS ALLEGATIONS:**

98. LRC incorporates its answers to the preceding paragraphs as if fully restated here.

99. LRC denies Paragraph 99 of Plaintiffs' First Amended Complaint.

100. LRC denies the allegations in Paragraph 100 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

101. LRC denies that Plaintiffs are entitled to any amendment of their pleadings outside of that strictly permitted by the Federal Rules of Civil Procedure.

102. LRC denies the allegations in Paragraph 102 of Plaintiffs' First Amended Complaint.

103. LRC denies the allegations in Paragraph 103 of Plaintiffs' First Amended Complaint.

104. LRC denies the allegations in Paragraph 104 of Plaintiffs' First Amended Complaint.

105. LRC denies the allegations in Paragraph 105 and subparagraphs a through o of Plaintiffs' First Amended Complaint.

106. As to LRC, LRC denies the allegations in Paragraph 106 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 106 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

107. As to LRC, LRC denies the allegations in Paragraph 107 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 107 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

108. As to LRC, LRC denies the allegations in Paragraph 108 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 108 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

109. LRC denies the allegations in Paragraph 109 of Plaintiffs' First Amended Complaint.

110. As to LRC, LRC denies the allegations in Paragraph 110 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 110 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

111. LRC denies the allegations in Paragraph 111 of Plaintiffs' First Amended Complaint.

**CAUSES OF ACTION:**

I.     **DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101,** *et seq.***)**

112. LRC incorporates its answers to the preceding paragraphs as if fully restated here.

113. 42 U.S.C. § 12101 speaks for itself. LRC denies any allegation in Paragraph 113 of Plaintiffs' First Amended Complaint that either misstates or misrepresents the provisions of such statute.

114. 42 U.S.C. § 12102 speaks for itself. LRC denies any allegation in Paragraph 114 of Plaintiffs' First Amended Complaint that either misstates or misrepresents the provisions of such statute.

115. 42 U.S.C. § 12181 speaks for itself. LRC denies any allegation in Paragraph 115 of Plaintiffs' First Amended Complaint that either misstates or misrepresents the provisions of such statute.

116. 42 U.S.C. § 12182 speaks for itself. LRC denies any allegation in Paragraph 116 of Plaintiffs' First Amended Complaint that either misstates or misrepresents the provisions of such statute.

117. 42 U.S.C. § 12182 speaks for itself. LRC denies any allegation in Paragraph 117 of Plaintiffs' First Amended Complaint that either misstates or misrepresents the provisions of such statute.

118. As to LRC, LRC denies the allegations in Paragraph 118 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 118 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

119. As to LRC, LRC denies the allegations in Paragraph 119 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 119 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

120. As to the quoted provisions, LRC states that 42 U.S.C. § 12181 speaks for itself and denies any allegation that either misstates or misrepresents the provisions of such statute. As to LRC, LRC further denies the allegations in Paragraph 120 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 120 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

121. As to the Marc's Barberton location, LRC admits Paragraph 121 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining

15

allegations in Paragraph 121 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

122. As to LRC, LRC denies the allegations in Paragraph 122 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 122 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

123. As to the quoted provisions, LRC states that 42 U.S.C. § 12188 speaks for itself and denies any allegation that either misstates or misrepresents the provisions of such statute. As to LRC, LRC denies the allegations in Paragraph 123 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 123 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

124. Paragraph 124 of Plaintiffs' First Amended Complaint merely states the nature of Plaintiffs' claims and prayers for relief and does not necessitate a response. Notwithstanding the foregoing, LRC denies that Plaintiffs are entitled to any requested relief and deny the remaining allegations of Paragraph 124 of Plaintiffs' First Amended Complaint.

## II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq.*

125. LRC incorporates its answers to the preceding paragraphs as if fully restated here.

126. LRC admits that the current version of O.R.C. § 4112.02(G) is quoted by Plaintiffs and denies the remaining allegations in Paragraph 126 of Plaintiffs' First Amended Complaint.

127. As to the Marc's Barberton location, LRC admits Paragraph 127 of Plaintiffs' First Amended Complaint. LRC denies the remaining allegations in Paragraph 127 for lack or want of knowledge.

16

128. As to LRC, LRC denies the allegations in Paragraph 128 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 128 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

129. As to LRC, LRC denies the allegations in Paragraph 129 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 129 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

130. As to LRC, LRC denies the allegations in Paragraph 130 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 130 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

131. As to LRC, LRC denies the allegations in Paragraph 131 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 131 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

132. As to LRC, LRC denies the allegations in Paragraph 132 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 132 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

133. As to LRC, LRC denies the allegations in Paragraph 133 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 133 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

134. Paragraph 134 of Plaintiffs' First Amended Complaint merely states the nature of Plaintiffs' claims and prayers for relief and does not necessitate a response. Notwithstanding the foregoing, LRC denies that Plaintiffs are entitled to any requested relief or class certification and deny the remaining allegations of Paragraph 134 of Plaintiffs' First Amended Complaint.

17

135. As to LRC, LRC denies the allegations in Paragraph 135 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 135 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

## III. THIRD CAUSE OF ACTION FOR VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT, R.C. § 1345, *ET. SEQ.*

136. LRC incorporates its answers to the preceding paragraphs as if fully restated here.

137. As to LRC, LRC denies the allegations in Paragraph 137 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 137 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

138. As to LRC, LRC denies the allegations in Paragraph 138 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 138 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

139. As to LRC, LRC denies the allegations in Paragraph 139 of Plaintiffs' First Amended Complaint. As to the remaining Defendants, LRC denies the remaining allegations in Paragraph 139 of Plaintiffs' First Amended Complaint for lack or want of knowledge.

## I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101(SIC) ET SEQ.)

1. LRC denies Paragraph 1 of Plaintiffs' Prayer for Relief.

2. LRC denies Paragraph 2 of Plaintiffs' Prayer for Relief.

3. LRC denies Paragraph 3 of Plaintiffs' Prayer for Relief.

4. LRC denies Paragraph 4 of Plaintiffs' Prayer for Relief.

## II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, ET SEQ.

5. LRC denies Paragraph 5 of Plaintiffs' Prayer for Relief.

6.  LRC denies Paragraph 6 of Plaintiffs' Prayer for Relief.

7.  LRC denies Paragraph 7 of Plaintiffs' Prayer for Relief.

8.  LRC denies Paragraph 8 of Plaintiffs' Prayer for Relief.

9.  LRC denies Paragraph 9 of Plaintiffs' Prayer for Relief.

10. LRC denies Paragraph 10 of Plaintiffs' Prayer for Relief.

11. LRC denies Paragraph 11 of Plaintiffs' Prayer for Relief.

12. LRC denies Paragraph 12 of Plaintiffs' Prayer for Relief.

III.  **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, ET SEQ.**

13. LRC denies Paragraph 13 of Plaintiffs' Prayer for Relief.

14. LRC denies Paragraph 14 of Plaintiffs' Prayer for Relief.

15. LRC denies Paragraph 15 of Plaintiffs' Prayer for Relief.

16. LRC denies Paragraph 16 of Plaintiffs' Prayer for Relief.

17. LRC denies Paragraph 17 of Plaintiffs' Prayer for Relief.

18. LRC denies Paragraph 18 of Plaintiffs' Prayer for Relief.

19. LRC denies Paragraph 19 of Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

2. This Court lacks subject matter jurisdiction as to the state law claims.

3. Plaintiffs lack standing.

19

4. Plaintiff Oeffner's claims are barred by doctrines of res judicata and collateral estoppel (i.e. claim and issue preclusion).

5. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

6. Plaintiffs have failed to exhaust their administrative remedies.

7. LRC has been, at all relevant times, in full compliance with the Americans with Disabilities Act.

8. Plaintiffs' claims fail because Plaintiffs did not request a reasonable accommodation.

9. Plaintiffs' claims fail because LRC did not receive adequate notice of the Plaintiffs' disability and desire for reasonable accommodation.

10. Plaintiffs' claims fail because Plaintiffs did not permit LRC the opportunity to provide reasonable accommodation in good faith.

11. The buildings in question were "existing facilities."

12. The buildings in question were constructed in compliance with a valid and appropriate State or local building permit.

13. The buildings in question were constructed in compliance with the Uniform Federal Accessibility Standards in effect at the time the building permits were issued.

14. The ADA does not authorize Plaintiffs' requested relief.

15. The modifications, injunctive relief, and/or specific performance requested by Plaintiffs would create an undue burden or expense and are not readily achievable.

16. The modifications, injunctive relief, and/or specific performance requested by Plaintiffs would result in a fundamental alteration of the nature of the goods, services, or facilities they provide.

17. Plaintiffs were not denied access due to the removal of barriers that are readily achievable.

18. Plaintiffs did not attempt to access the premises in question and have no real intention of returning to the premises.

19. It is structurally impracticable to meet the requirements contained in Plaintiffs' Complaint.

20. Plaintiffs' alleged injuries and/or damages, if any, were caused by the acts or omissions of third parties over whom LRC had no control and for which LRC is not legally responsible.

21. Plaintiffs' claims fail under Federal Rule of Civil Procedure 23.

22. Plaintiffs' claims are insufficient under Federal Rule of Civil Procedure 23.

23. Plaintiffs' claims fail to comply with Federal Rule of Civil Procedure 23.

24. Plaintiffs' claims do not meet the prerequisites under Federal Rule of Civil Procedure 23(a).

25. Pursuant to Federal Rule of Civil Procedure 23(a)(1), Plaintiffs have failed to allege how "the class is so numerous that joinder of all members is impracticable."

26. Pursuant to Federal Rule of Civil Procedure 23(a)(2), Plaintiffs have failed to allege how there are "questions of law or fact common to the class."

27. Pursuant to Federal Rule of Civil Procedure 23(a)(3),Plaintiffs have failed to allege that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."

28. Pursuant to Federal Rule of Civil Procedure 23(a)(2), Plaintiffs have failed to allege how "the representative parties will fairly and adequately protect the interests of the class."

29. Plaintiffs' claims fail because Plaintiff fail to allege how Federal Rule of Civil Procedure 23(b) is satisfied.

30. Plaintiffs' claims are insufficient under Federal Rule of Civil Procedure 23(b).

31. Plaintiffs' claims fail because there are not questions of law or fact common to class members that predominate over any questions affecting only individual members.

WHEREFORE, Defendant LRC requests that the Court dismiss this case or alternatively, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D) that the Court require that the pleadings be amended to eliminate allegations about representation of absent persons, and award Defendant, LRC Magic Investors, Ltd. the costs of this action, and such other relief that the Court deems just.

Respectfully submitted,

STARK & KNOLL CO. L.P.A.

*/s/ Richard P. Schroeter Jr.*
Richard P. Schroeter Jr. (0089026)
Christopher A. Tipping (0064914)
Angelina C. Gingo (0089060)
3475 Ridgewood Road
Akron, OH 44333-3163
Phone: 330-376-3300 / Fax: 330-376-6237
rschroeter@stark-knoll.com
ctipping@stark-knoll.com
agingo@stark-knoll.com
*Attorneys for Defendant,*
*LRC Magic Investors, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 15th day of

May, 2026 via the Court's electronic filing system, upon:

*__Plaintiffs__*

| | | |
|---|---|---|
| ***Spencer Neal, Vivian Oeffner, & Richard Wagner*** | *represented by* | **George W. Cochran , III**<br>Law Office of George W. Cochran<br>1981 Crossfield Circle<br>Kent, OH 44240<br>lawchrist@gmail.com |
| | | **Colin G. Meeker**<br>Blakemore, Meeker & Bowler<br>495 Portage Lakes Drive<br>Akron, OH 44319<br>cgm@bmblaw.com |

*__Defendant__*

| | | |
|---|---|---|
| ***Marc Glassman, Inc.*** | *represented by* | **David P. Frantz**<br>Zashin & Rich – Cleveland<br>950 Main Avenue, 4th Floor<br>Cleveland, OH 44113<br>dpf@zrlaw.com |
| | | **Stephen S. Zashin**<br>Zashin & Rich - Cleveland<br>950 Main Avenue, 4th Floor<br>Cleveland, OH 44113<br>ssz@zrlaw.com |
| | | **Kassandra C. Boyd**<br>Zashin & Rich - Cleveland<br>4th Floor<br>950 Main Avenue<br>Cleveland, OH 44113<br>kcb@zrlaw.com |

*__Defendant__*

| | | |
|---|---|---|
| ***Chapel Hill Associates LLC*** | *represented by* | ***Matthew P. Baringer***<br>*Davis & Young*<br>*Ste. 100*<br>*35000 Chardon Road*<br>*Willoughby Hills, OH 44094*<br>*mbaringer@davisyoung.com* |

23

|  |  | **Thomas W. Wright**<br>Litchfield Cavo<br>Ste. 100<br>35000 Chardon Road<br>Willoughby Hills, OH 44094<br>twright@davisyoung.com |
|---|---|---|
| *Defendant*<br>*Edison Park LTD* | represented by | **William D. Edwards**<br>Taft Stettinius & Hollister -<br>Indianapolis<br>Ste. 3500<br>One Indiana Square<br>Indianapolis, IN 46204<br>WDEdwards@taftlaw.com |
|  |  | **Patrick J. Krebs**<br>Taft Stettinius & Hollister -<br>Cleveland<br>Ste. 3500<br>200 Public Square<br>Cleveland, OH 44114<br>pkrebs@taftlaw.com |
|  |  | **Jack Maib**<br>Taft Stettinius & Hollister -<br>Cleveland<br>Ste. 3500<br>200 Public Square<br>Cleveland, OH 44114<br>jmaib@taftlaw.com |
| *Defendant*<br>*Fairlawn Station LLC* | represented by | **Kathleen C. Tranter**<br>Seyfarth Shaw - Chicago<br>Ste. 8000<br>233 South Wacker Drive<br>Chicago, IL 60606<br>ktranter@seyfarth.com |
|  |  | **Myra B. Villamor**<br>Seyfarth Shaw - Los Angeles<br>Ste. 3500<br>2029 Century Park East |

24

Los Angeles, CA 90067
mvillamor@seyfarth.com

**Defendant**

**Kraus Alexander Construction Co.**          *represented by*          **David G. Utley**
Collins, Roche, Utley & Garner -
Akron
Ste. 2551
520 South Main Street
Akron, OH 44311
dutley@cruglaw.com

**Evan J. Palik**
Collins, Roche, Utley & Garner -
Akron
Ste. 2551
520 South Main Street
Akron, OH 44311
330-247-2200
epalik@cruglaw.com

**Defendant**

**Stow Darrow Limited Partnership**          *represented by*          **Brett R. Sheraw**
Sheraw Law - Pickerington
Ste. 118
1209 Hill Road North
Pickerington, OH 43147
bsheraw@sherawlaw.com

**Defendant**
**2891 Waterloo Road LLC**          *Represented by*          Robert A. Zimmerman
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
rzimmerman@beneschlaw.com

*/s/ Richard P. Schroeter Jr.*
Richard P. Schroeter Jr. (0089026)
*Attorney for Defendant,*
*LRC Magic Investors, Ltd.*

25