**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPENCER NEAL, et al., | ) | CASE NO. 1:25-cv-02008-dcn |
| | ) | |
| Plaintiffs | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT MARC GLASSMAN** |
| MARC GLASSMAN, INC. | ) | **INC.'S ANSWER TO PLAINTIFFS'** |
| d/b/a/ Marc's Discount Drug Store, et al. | ) | **FIRST AMENDED COMPLAINT** |
| | ) | **WITH AFFIRMATIVE DEFENSES** |
| Defendants | ) | |

Now comes Defendant Marc Glassman Inc. d/b/a Marc's Discount Drug Store ("Marc's"), by and through counsel, and for its Answer to the First Amended Complaint (the "Amended Complaint") of Plaintiffs Spencer Neal, Vivian Oeffner, and Richard Wagner (collectively, "Plaintiffs"), states as follows:

1. The averments in Paragraph 1 of the Amended Complaint are recitations of Plaintiffs' claims contained in the Amended Complaint and constitute legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 1 of the Amended Complaint.

2. The averments in Paragraph 2 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the Court has federal question jurisdiction and supplemental jurisdiction based on the allegations in the Amended Complaint but denies engaging in any acts or omissions that violate any federal, state, or local laws or regulations. Marc's denies all remaining averments in Paragraph 2 of the Amended Complaint.

3. The averments in Paragraph 3 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states

1

that venue is proper based on the allegations in the Amended Complaint but denies engaging in any acts or omissions that violate any federal, state, or local laws or regulations. Marc's denies all remaining averments in Paragraph 3 of the Amended Complaint.

4. Marc's denies the averments in Paragraph 4 of the Amended Complaint for want of knowledge.

5. Marc's admits that it operates approximately 60 locations across Ohio. The remaining averments in Paragraph 5 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies all remaining averments in Paragraph 5 of the Amended Complaint.

6. The averments in Paragraph 6 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 6 of the Amended Complaint speaks for itself and denies the averments in Paragraph 6 of the Amended Complaint for want of knowledge.

7. The averments in Paragraph 7 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 8 of the Amended Complaint speaks for itself and denies the averments in Paragraph 7 of the Amended Complaint for want of knowledge.

8. The averments in Paragraph 8 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 8 of the Amended Complaint speaks

for itself and denies the averments in Paragraph 8 of the Amended Complaint for want of knowledge.

9. The averments in Paragraph 9 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 9 of the Amended Complaint speaks for itself and denies the averments in Paragraph 9 of the Amended Complaint for want of knowledge.

10. The averments in Paragraph 10 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 10 of the Amended Complaint speaks for itself and denies the averments in Paragraph 10 of the Amended Complaint for want of knowledge.

11. The averments in Paragraph 11 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 11 of the Amended Complaint speaks for itself and denies the averments in Paragraph 11 of the Amended Complaint for want of knowledge.

12. The averments in Paragraph 12 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 12 of the Amended Complaint speaks for itself and denies the averments in Paragraph 12 of the Amended Complaint for want of knowledge.

13. The averments in Paragraph 13 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 13 of the Amended Complaint speaks for itself and denies the averments in Paragraph 13 of the Amended Complaint for want of knowledge.

14. The averments in Paragraph 14 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 14 of the Amended Complaint speaks for itself and denies the averments in Paragraph 14 of the Amended Complaint for want of knowledge.

15. The averments in Paragraph 15 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 15 of the Amended Complaint speaks for itself and denies the averments in Paragraph 15 of the Amended Complaint for want of knowledge.

16. The averments in Paragraph 16 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 16 of the Amended Complaint speaks for itself and denies the averments in Paragraph 16 of the Amended Complaint for want of knowledge.

17. The averments in Paragraph 17 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 17 of the Amended Complaint speaks

for itself and denies the averments in Paragraph 17 of the Amended Complaint for want of knowledge.

18. The averments in Paragraph 18 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 18 of the Amended Complaint speaks for itself and denies the averments in Paragraph 18 of the Amended Complaint for want of knowledge.

19. The averments in Paragraph 19 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 19 of the Amended Complaint speaks for itself and denies the averments in Paragraph 19 of the Amended Complaint for want of knowledge.

20. The averments in Paragraph 20 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 20 of the Amended Complaint speaks for itself and denies the averments in Paragraph 20 of the Amended Complaint for want of knowledge.

21. The averments in Paragraph 21 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's states that the lease referenced in Paragraph 21 of the Amended Complaint speaks for itself and denies the averments in Paragraph 21 of the Amended Complaint for want of knowledge.

22. The averments in Paragraph 22 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 22 of the Amended Complaint speaks for itself and denies the averments in Paragraph 22 of the Amended Complaint for want of knowledge.

23. The averments in Paragraph 23 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 23 of the Amended Complaint speaks for itself and denies the averments in Paragraph 23 of the Amended Complaint for want of knowledge.

24. The averments in Paragraph 24 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 24 of the Amended Complaint speaks for itself and denies the averments in Paragraph 24 of the Amended Complaint for want of knowledge.

25. The averments in Paragraph 25 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 25 of the Amended Complaint speaks for itself and denies the averments in Paragraph 25 of the Amended Complaint for want of knowledge.

26. The averments in Paragraph 26 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 26 of the Amended Complaint speaks

for itself and denies the averments in Paragraph 26 of the Amended Complaint for want of knowledge.

27. The averments in Paragraph 27 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 27 of the Amended Complaint speaks for itself and denies the averments in Paragraph 27 of the Amended Complaint for want of knowledge.

28. The averments in Paragraph 28 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 28 of the Amended Complaint speaks for itself and denies the averments in Paragraph 28 of the Amended Complaint for want of knowledge.

29. The averments in Paragraph 29 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 29 of the Amended Complaint speaks for itself and denies the averments in Paragraph 29 of the Amended Complaint for want of knowledge.

30. The averments in Paragraph 30 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 30 of the Amended Complaint speaks for itself and denies the averments in Paragraph 30 of the Amended Complaint for want of knowledge.

31. The averments in Paragraph 31 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 31 of the Amended Complaint speaks for itself and denies the averments in Paragraph 31 of the Amended Complaint for want of knowledge.

32. The averments in Paragraph 32 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 32 of the Amended Complaint speaks for itself and denies the averments in Paragraph 32 of the Amended Complaint for want of knowledge.

33. The averments in Paragraph 33 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 33 of the Amended Complaint speaks for itself and denies the averments in Paragraph 33 of the Amended Complaint for want of knowledge.

34. The averments in Paragraph 34 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's states that the lease referenced in Paragraph 34 of the Amended Complaint speaks for itself and denies the averments in Paragraph 34 of the Amended Complaint for want of knowledge.

35. The averments in Paragraph 35 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's admits

that it operated the identified retail stores and denies the remaining averments in Paragraph 35 of the Amended Complaint.

## FACTUAL ALLEGATIONS

36. The averments in Paragraph 36 of the Amended Complaint are vague. To the extent a further response is required, Marc's admits that its stores are accessible and that it provides notice of such, and denies the remaining averments in Paragraph 36 of the Amended Complaint.

37. The averments in Paragraph 37(a)-(h) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 37(a)-(h) of the Amended Complaint for want of knowledge.

38. The averments in Paragraph 38(a)-(e) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 38(a)-(e) of the Amended Complaint for want of knowledge.

39. The averments in Paragraph 39(a)-(i) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 39(a)-(i) of the Amended Complaint for want of knowledge.

40. The averments in Paragraph 40(a)-(j) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 40(a)-(j) of the Amended Complaint for want of knowledge.

41. The averments in Paragraph 41(a)-(h) of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 41(a)-(h) of the Amended Complaint for want of knowledge.

42. The averments in Paragraph 42(a)-(e) of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 42(a)-(e) of the Amended Complaint for want of knowledge.

43. The averments in Paragraph 43(a)-(c) of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 43(a)-(c) of the Amended Complaint for want of knowledge.

44. The averments in Paragraph 44(a)-(e) of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 44(a)-(e) of the Amended Complaint for want of knowledge.

45. The averments in Paragraph 45(a)-(d) of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 45(a)-(d) of the Amended Complaint for want of knowledge.

46. The averments in Paragraph 46(a)-(i) of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is

required, Marc's denies the averments in Paragraph 46(a)-(i) of the Amended Complaint for want of knowledge.

47. The averments in Paragraph 47(a)-(e) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 47(a)-(e) of the Amended Complaint for want of knowledge.

48. The averments in Paragraph 48(a)-(e) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 48(a)-(e) of the Amended Complaint for want of knowledge.

49. The averments in Paragraph 49(a)-(e) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 49(a)-(e) of the Amended Complaint for want of knowledge.

50. The averments in Paragraph 50(a)-(d) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 50(a)-(d) of the Amended Complaint for want of knowledge.

51. The averments in Paragraph 51(a)-(f) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 51(a)-(f) of the Amended Complaint for want of knowledge.

52. The averments in Paragraph 52(a)-(e) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 52(a)-(e) of the Amended Complaint for want of knowledge.

53. The averments in Paragraph 53(a)-(g) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 53(a)-(g) of the Amended Complaint for want of knowledge.

54. The averments in Paragraph 54(a)-(h) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 54(a)-(h) of the Amended Complaint for want of knowledge.

55. The averments in Paragraph 55(a)-(g) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 55(a)-(g) of the Amended Complaint for want of knowledge.

56. The averments in Paragraph 56 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 56 of the Amended Complaint.

57. Paragraph 57 of the Amended Complaint contains no substantive factual averments to which a further response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 57 of the Amended Complaint.

58. *Oeffner v. Marc Glassman, Inc.*, Stark App. No. 2024CA00110, aff'd, 2025-Ohio-1610 (5th Dist.), cert. denied, 2025-Ohio-2888, speaks for itself. To the extent a further response is required, Marc's denies the averments in Paragraph 58 of the Amended Complaint.

59. *Oeffner v. Marc Glassman, Inc.*, Stark App. No. 2024CA00110, aff'd, 2025-Ohio-1610 (5th Dist.), cert. denied, 2025-Ohio-2888, speaks for itself along with the discovery materials from that matter. To the extent a further response is required, Marc's denies the averments in Paragraph 59 of the Amended Complaint.

60. The averments in Paragraph 60 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 60 of the Amended Complaint for want of knowledge.

61. The averments in Paragraph 61(a)-(d) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 61(a)-(d) of the Amended Complaint for want of knowledge.

62. The averments in Paragraph 62(a)-(h) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 62(a)-(h) of the Amended Complaint for want of knowledge.

63. The averments in Paragraph 63(a)-(h) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 63(a)-(h) of the Amended Complaint for want of knowledge.

64. The averments in Paragraph 64(a)-(d) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 64(a)-(d) of the Amended Complaint for want of knowledge.

65. The averments in Paragraph 65(a)-(g) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 65(a)-(g) of the Amended Complaint for want of knowledge.

66. The averments in Paragraph 66(a)-(e) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 66(a)-(e) of the Amended Complaint for want of knowledge.

67. The averments in Paragraph 67(a)-(d) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 67(a)-(d) of the Amended Complaint.

68. The averments in Paragraph 68(a)-(d) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 68(a)-(d) of the Amended Complaint for want of knowledge.

69. The averments in Paragraph 69(a)-(d) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 69(a)-(d) of the Amended Complaint for want of knowledge.

70. The averments in Paragraph 70 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 70 of the Amended Complaint.

71. Paragraph 71 of the Amended Complaint contains no substantive factual averments to which a further response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 71 of the Amended Complaint.

72. The averments in Paragraph 72(a)-(g) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 72(a)-(g) of the Amended Complaint for want of knowledge.

73. The averments in Paragraph 73(a)-(g) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 73(a)-(g) of the Amended Complaint for want of knowledge.

74. The averments in Paragraph 74 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 74 of the Amended Complaint.

75. Paragraph 75 of the Amended Complaint contains no substantive factual averments to which a further response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 75 of the Amended Complaint.

76. The averments in Paragraph 76 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 76 of the Amended Complaint.

77. The averments in Paragraph 77 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 77 of the Amended Complaint.

78. The averments in Paragraph 78 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 78 of the Amended Complaint.

79. The averments in Paragraph 79 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 79 of the Amended Complaint.

80. The averments in Paragraph 80 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 80 of the Amended Complaint.

81. The averments in Paragraph 81 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 81 of the Amended Complaint.

82. Paragraph 82 of the Amended Complaint contains no substantive factual averments to which a further response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 82 of the Amended Complaint.

83. The averments in Paragraph 83 of the Amended Complaint are vague and call for legal conclusions to which no response is required.  To the extent a further response is required, Marc's denies the averments in Paragraph 83 of the Amended Complaint.

84. The averments in Paragraph 84 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 84 of the Amended Complaint.

85. The averments in Paragraph 85 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 85 of the Amended Complaint.

86. The averments in Paragraph 86 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 86 of the Amended Complaint.

87. Paragraph 87 of the Amended Complaint contains no substantive factual averments to which a further response is required. To the extent a further response is required, Marc's denies the averments in Paragraph of the Amended Complaint.

88. The averments in Paragraph 88 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 88 of the Amended Complaint.

89. The averments in Paragraph 89 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 89 of the Amended Complaint.

90. The averments in Paragraph 90 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 90 of the Amended Complaint.

91. The averments in Paragraph 91 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 91 of the Amended Complaint.

92. The averments in Paragraph 92 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 92 of the Amended Complaint.

93. The averments in Paragraph 93 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 93 of the Amended Complaint.

94. Marc's denies the averments in Paragraph 94 of the Amended Complaint for want of knowledge.

95. The averments in Paragraph 83 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 83 of the Amended Complaint.

96. The averments in Paragraph 83 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 83 of the Amended Complaint.

97. The averments in Paragraph 83 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 83 of the Amended Complaint.

## CLASS ALLEGATIONS

98. Marc's reincorporates by reference all of its prior responses to Plaintiffs' Amended Complaint as if fully rewritten.

-18-

99.  Paragraph 99 of the Amended Complaint contains no substantive factual averments to which a further response is required. To the extent that a further response is required, Marc's denies all averments in Paragraph 99 of the Amended Complaint and denies that Plaintiffs are entitled to class certification.

100.  Paragraph 100 of the Amended Complaint contains no substantive factual averments to which a further response is required. To the extent that a further response is required, Marc's denies all averments in Paragraph 100 of the Amended Complaint and denies that Plaintiffs are entitled to class certification.

101.  Paragraph 101 of the Amended Complaint contains no substantive factual averments to which a further response is required. To the extent that a further response is required, Marc's denies all averments in Paragraph 101 of the Amended Complaint and denies that Plaintiffs are entitled to class certification.

102.  The averments in Paragraph 102 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 102 of the Amended Complaint.

103.  The averments in Paragraph 103 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 103 of the Amended Complaint.

104.  The averments in Paragraph 104 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 104 of the Amended Complaint.

105. The averments in Paragraph 105(a)-(o) of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 105(a)-(o) of the Amended Complaint.

106. The averments in Paragraph 106 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 106 of the Amended Complaint.

107. The averments in Paragraph 107 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 107 of the Amended Complaint.

108. The averments in Paragraph 108 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 108 of the Amended Complaint.

109. The averments in Paragraph 109 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 109 of the Amended Complaint.

110. The averments in Paragraph 110 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 110 of the Amended Complaint.

111. The averments in Paragraph 111 of the Amended Complaint are vague and call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 111 of the Amended Complaint.

**COUNT I: DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. § 12101, *et seq.*)**

112.    Marc's reincorporates by reference all of its prior responses to Plaintiffs' Amended Complaint as if fully rewritten.

113.    42 U.S.C. § 12101 speaks for itself. To the extent a further response is required, Marc's denies the averments in Paragraph 113 of the Amended Complaint.

114.    42 U.S.C. 12102 speaks for itself. To the extent a further response is required, Marc's denies the averments in Paragraph 114 of the Amended Complaint.

115.    42 U.S.C. § 12181 speaks for itself. To the extent a further response is required, Marc's denies the averments in Paragraph 115 of the Amended Complaint.

116.    42 U.S.C. § 12182 speaks for itself. To the extent a further response is required, Marc's denies the averments in Paragraph 116 of the Amended Complaint.

117.    42 U.S.C. § 12181(b)(2)(a) speaks for itself. To the extent a further response is required, Marc's denies the averments in Paragraph 117 of the Amended Complaint.

118.    Marc's denies the averments in Paragraph 118 of the Amended Complaint.

119.    The averments in Paragraph 119 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 119 of the Amended Complaint.

120.    The averments in Paragraph 120 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 120 of the Amended Complaint.

121.    The averments in Paragraph 121 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 121 of the Amended Complaint.

122. The averments in Paragraph 122 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 122 of the Amended Complaint.

123. The averments in Paragraph 123 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 123 of the Amended Complaint.

124. The averments in Paragraph 124 of the Amended Complaint merely reiterate that nature of Plaintiffs' claims and relief sought, which requires no response. To the extent a further response is required, Marc's denies the averments in Paragraph 124 of the Amended Complaint.

### COUNT II: DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq.*

125. Marc's reincorporates by reference all of its prior responses to Plaintiffs' Complaint as if fully rewritten.

126. Paragraph 126 of the Amended Complaint purports to quote R.C. § 4112.0254. The subsection Paragraph 126 actually quotes is R.C. § 4112.02(G), which speaks for itself. To the extent a further response is required, Marc's denies the averments in Paragraph 126 of the Amended Complaint.

127. The averments in Paragraph 127 of the Amended Complaint are vague and call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 127 of the Amended Complaint.

128. Marc's denies the averments in Paragraph 128 of the Amended Complaint.

129. Marc's denies the averments in Paragraph 129 of the Amended Complaint.

130. The averments in Paragraph 130 of the Amended Complaint merely reiterate that nature of Plaintiffs' claims and relief sought, which requires no response. To the extent a further response is required, Marc's denies the averments in Paragraph 130 of the Amended Complaint.

131. The averments in Paragraph 131 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 131 of the Amended Complaint.

132. The averments in Paragraph 132 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 132 of the Amended Complaint.

133. The averments in Paragraph 133 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 133 of the Amended Complaint.

134. The averments in Paragraph 134 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 134 of the Amended Complaint.

135. The averments in Paragraph 135 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 135 of the Amended Complaint.

### COUNT III: VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT, R.C. § 1345, *et seq.*

136. Marc's reincorporates by reference all of its prior responses to Plaintiffs' Amended Complaint as if fully rewritten.

137. The averments in Paragraph 137 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 137 of the Amended Complaint.

138. Marc's denies the averments in Paragraph 138 of the Amended Complaint.

139. The averments in Paragraph 139 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a further response is required, Marc's denies the averments in Paragraph 139 of the Amended Complaint.

140. Marc's denies all other averments not expressly admitted herein.

## PRAYER FOR RELIEF

### COUNT I: PRAYER FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICAS WITH DISABILITIES ACT OF 1990 (42 U.S.C. § 12101, *et seq*.)

1. Marc's denies Paragraph 1 of Plaintiffs' Prayer for Relief.

2. Marc's denies Paragraph 2 of Plaintiffs' Prayer for Relief.

3. Marc's denies Paragraph 3 of Plaintiffs' Prayer for Relief.

4. Marc's denies Paragraph 4 of Plaintiffs' Prayer for Relief.

### COUNT II: PRAYER FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE OHIO REVISED CODE § 4112.02, *et seq*.

5. Marc's denies Paragraph 5 of Plaintiffs' Prayer for Relief.

6. Marc's denies Paragraph 6 of Plaintiffs' Prayer for Relief.

7. Marc's denies Paragraph 7 of Plaintiffs' Prayer for Relief.

8. Marc's denies Paragraph 8 of Plaintiffs' Prayer for Relief.

9. Marc's denies Paragraph 9 of Plaintiffs' Prayer for Relief.

10. Marc's denies Paragraph 10 of Plaintiffs' Prayer for Relief.

11. Marc's denies Paragraph 11 of Plaintiffs' Prayer for Relief.

12. Marc's denies Paragraph 12 of Plaintiffs' Prayer for Relief.

**COUNT III: PRAYER FOR VIOLATION OF THE OHIO
CONSUMER SALES PRACTICES ACT, R.C. § 1345,** *et seq.*

13. Marc's denies Paragraph 13 of Plaintiffs' Prayer for Relief.

14. Marc's denies Paragraph 14 of Plaintiffs' Prayer for Relief.

15. Marc's denies Paragraph 15 of Plaintiffs' Prayer for Relief.

16. Marc's denies Paragraph 16 of Plaintiffs' Prayer for Relief.

17. Marc's denies Paragraph 17 of Plaintiffs' Prayer for Relief.

18. Marc's denies Paragraph 18 of Plaintiffs' Prayer for Relief.

19. Marc's denies Paragraph 19 of Plaintiffs' Prayer for Relief.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiffs lack Article III standing.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

4. Plaintiffs' claims are also barred by the prohibition against claim splitting.  The claims asserted arise out of the same nucleus of operative fact as claims that were or could have been asserted in *Oeffner v. Marc Glassman, Inc.*, Stark App. No. 2024CA00110, aff'd, 2025-Ohio-1610 (5th Dist.), cert. denied, 2025-Ohio-2888 between the same parties with the same counsel and permitting this action to proceed would result in duplicative litigation and inconsistent judgements.

5. Plaintiffs' claims are barred, in whole or in part, by waiver, estoppel, laches, or the doctrine of unclean hands.

6. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

7. Plaintiffs' claims are moot to the extent that facilities at issue are accessible and useable by individuals with mobility-related disabilities, including the purported "disabilities" of Plaintiffs, or where Plaintiffs were in fact able to access and use the facilities.

8. Plaintiffs' claims for injunctive and other equitable relief are barred because Plaintiffs will not suffer irreparable injury if the injunctive and other equitable relief is denied and/or because Plaintiffs have an adequate remedy at law.

9. Plaintiffs' claims fail to the extent that the modifications, injunctive relief, and/or specific performance requested by Plaintiffs would result in a fundamental alteration of the nature of Marc's goods, services, or facilities.

10. Plaintiffs' claims fail to the extent that the modifications, injunctive relief, and/or specific performance requested by Plaintiffs are not readily achievable.

11. Plaintiffs' claims are barred to the extent that any noncompliance as alleged in the Amended Complaint was *de minimis* in that it did not materially impede Plaintiffs' access or use of Marc's facilities.

12. Plaintiffs are not entitled to punitive damages pursuant to R.C. § 2315.21 because Marc's acts or omissions, if any, do not rise to the level of malice or constitute aggravated or egregious fraud.

13. Plaintiffs' claims for damages, including punitive damages, are barred or must be reduced on account of R.C. 2315.18, 2315.20, and 2315.21.

14. Plaintiffs cannot satisfy the requirements of Rule 23(a) and (b) of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, adequacy, predominance, and superiority; thus this action is improper for class treatment.

15. The proposed putative class is not sufficiently definite or ascertainable.

16. Plaintiffs' claims are barred, in whole or in part, by the doctrine of election of remedies to the extent they seek relief that is inconsistent, duplicative, or mutually exclusive under Rule 23.

17. Plaintiffs' claims are barred, in whole or in part, to the extent the relief sought would violate Marc's due process rights by subjecting Marc's to overlapping, duplicative, or conflicting liability.

18. Plaintiffs' claims fail because they have not identified indispensable parties.

19. Plaintiffs' claims fail due to the doctrine of after acquired evidence.

20. Marc's reserves the right to add additional affirmative defenses as they become known.

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**

*/s/ David P. Frantz*
STEPHEN S. ZASHIN (0064557)
ssz@zrlaw.com
DAVID P. FRANTZ (0091352)
dpf@zrlaw.com
KASSANDRA C. BOYD (0106254)
kcb@zrlaw.com
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
Telephone: (216) 696-4441
Facsimile: (216) 696-1618

*Attorneys for Defendant Marc Glassman, Inc.*
*d/b/a/ Marc's Discount Drug Store*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 22, 2026, a copy of the foregoing *Answer to Plaintiffs' First Amended Complaint With Affirmative Defenses* was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties.

*/s/ David P. Frantz*

DAVID P. FRANTZ (0091352)
*One of the Attorneys for Defendant*
*Marc Glassman, Inc. d/b/a/ Marc's*
*Discount Drug Store*
