GRANTED: X    DENIED: _____

IT IS SO ORDERED.

_____
U.S. DISTRICT JUDGE

5/27/26

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SPENCER NEAL, *et al.*, | ) | CASE NO. 1:25-CV-2008-DCN |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| MARC GLASSMAN, INC., *et al.*, | ) | **PLAINTIFFS' MOTION FOR** |
| | ) | **SUBSTITUTION** |
| Defendants. | ) | |
| | ) | |

NOW COME Plaintiffs Spencer Neal, Vivian Oeffner, and Richard Wagner, by and through counsel, and respectfully make a Rule 17 request for substitution of real party in interest, and state as follows:

## I. Factual Background

This action arises from the denial of access by multiple Marc's Stores, as well as the shopping plazas they occupy, in violation of the Americans with Disability Act of 1990, 42 U.S.C. 12181, *et seq*, and Ohio law. While preparing Plaintiffs' First Amended Complaint, Plaintiffs' counsel had identified Lorain County Port Authority, care of Jim Miller, Director, as the entity who owns the shopping plaza which houses Marc's Midway, located at 435 Midway Blvd., Elyria, OH 44035. As such, Plaintiffs included Lorain County Port Authority as a defendant in their First Amended Complaint.

On May 13, 2026, Plaintiffs' counsel was contacted by Attorney Robert D. Anderle on behalf of Lorain County Port Authority. Attorney Anderle indicated that Lorain County Port Authority was not the owner of the property which houses Marc's Midway. Plaintiffs' counsel then set out to verify the accuracy of counsel's statement. Upon further review, the property which houses Marc's Midway is owned by Cobblestone Square Company LTD. Therefore, as it