**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPENCER NEAL, et al., | ) | |
| | ) | CASE NO. 1:25-cv-02008-DCN |
| Plaintiffs | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | **DEFENDANT MARC GLASSMAN** |
| MARC GLASSMAN, INC., d/b/a | ) | **INC.'S ANSWER TO DEFENDANT** |
| Marc's Discount Drug Store, et al., | ) | **CHAPEL HILL ASSOCIATES LLC'S** |
| | ) | **CROSSCLAIM, WITH AFFIRMATIVE** |
| Defendants | ) | **DEFENSES** |
| | ) | |

For its Answer and Affirmative Defenses to Defendant Chapel Hill Associates LLC's ("Chapel Hill") Crossclaim, Defendant Marc Glassman, Inc. d/b/a Marc's Discount Drug store ("Marc's") states as follows:

1. The averments in Plaintiff's Amended Complaint speak for themselves. To the extent that a response is required, Marc's denies the averments in Paragraph 1 of the Crossclaim.

2. Paragraph 2 of the Crossclaim contains no substantive factual averments to which a response is required. To the extent that a response is required, Marc's denies the averments in Paragraph 2 of the Crossclaim.

3. Marc's admits the averments in Paragraph 3 of the Crossclaim.

4. Marc's denies for want of knowledge the averments in Paragraph 4 of the Crossclaim.

5. The averments in Paragraph 5 of the Crossclaim call for a legal conclusion to which no response is required. To the extent that a response is required, Marc's admits that the Court has supplemental jurisdiction over this Crossclaim pursuant to 28 U.S.C. § 1367.

6. The averments in Paragraph 6 of the Crossclaim call for a legal conclusion to which no response is required. To the extent that a response is required, Marc's admits that venue is proper pursuant to 28 U.S.C. § 1392(b)(1) and (2).

### FACTUAL AVERMENTS

7. Marc's admits that it entered into a Lease with Chapel Hill, the Lease speaks for itself, and denies all remaining averments in Paragraph 7 of the Crossclaim.

8. Marc's states that the Lease speaks for itself. Further answering, the provision of the Lease to which Paragraph 8 refers relates to Marc's care, use and occupancy of the Premises. Marc's denies all remaining averments in Paragraph 8 of the Crossclaim.

9. Marc's states that the Lease speaks for itself and defines the Premises as "[a] one-story storeroom situated within the Shopping Center."[1] Marc's denies all remaining averments in Paragraph 9 of the Crossclaim.

10. Marc's states that Plaintiffs' Complaint and Amended Complaint speaks for themselves and denies all remaining averments in Paragraph 10 of the Crossclaim.

11. The averments in Paragraph 11 of the Crossclaim are vague and call for a legal conclusion to which no response is required. To the extent that a response is required, Marc's denies the averments in Paragraph 11 of the Crossclaim.

12. Marc's denies the averments in Paragraph 12 of the Crossclaim.

### COUNT I: CONTRACTUAL INDEMNITY

13. Marc's reincorporates by reference all of its prior responses to the Crossclaim as if fully rewritten.

---

[1] The Lease defines the "Common Areas" as "[t]he parking (customers and employees) and service areas, driveways and service roads, sidewalks and walkways, landscaped areas, maintenance, meter and storage areas, common rest rooms, utility lines and sewers, Shopping Center identification signs and other similar facilities common for all lessees of the Shopping Center and constituting part of the Shopping Center."

14. Marc's admits that it entered into a Lease with Chapel Hill, which speaks for itself, and denies all remaining averments in Paragraph 14 of the Crossclaim.

15. The averments in Paragraph 15 of the Crossclaim are vague and call for a legal conclusion to which no response is required. To the extent that a response is required, Marc's denies the averments in Paragraph 15 of the Crossclaim.

16. Marc's denies the averments in Paragraph 16 of the Crossclaim.

17. Marc's denies all remaining averments not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Chapel Hill's Crossclaim fails, in whole or in part, to state claims upon which relief can be granted or for which the damages sought can be awarded.

2. Chapel Hill's Crossclaim is premature because any purported liability for the underlying claim has not been established and no purported indemnifiable loss has been paid or incurred.

3. Chapel Hill's Crossclaim is barred, in whole or in part, because any purported indemnification obligation owed by Marc's is limited in scope and extends only to those claims or damages expressly covered by the Lease.

4. Chapel Hill's Crossclaim fails because the Lease does not include any indemnification obligation relating to Plaintiffs' (i.e. third party) claims or any consequential damages.

5. Chapel Hill's Crossclaim fails because Chapel Hill Associates first materially breached the Lease.

6. Chapel Hill's Crossclaim fails because Chapel Hill Associates actions contributed to any purported loss by Plaintiffs.

7.  Chapel Hill's Crossclaims are limited to the extent that Chapel Hill failed to mitigate any purported damages, losses, costs, expenses, or liabilities. Further, any purported claims that Chapel Hill has against Marc's are limited by Chapel Hill's comparative fault, negligence and/or contractual responsibilities.

8.  Chapel Hill's Crossclaim is barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, and/or estoppel.

9.  Marc's reserves the right to raise additional defenses as the case proceeds.

Respectfully submitted,

**ZASHIN & RICH CO., LPA**

*/s/ David P. Frantz*
STEPHEN S. ZASHIN (0064557)
ssz@zrlaw.com
DAVID P. FRANTZ (0091352)
dpf@zrlaw.com
KASSANDRA C. BOYD (0106254)
kcb@zrlaw.com
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
Telephone: (216) 696-4441
Facsimile: (216) 696-1618

*Attorneys for Defendant Marc Glassman Inc.*
*d/b/a Marc's Discount Drug Store*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 28, 2026, a copy of the foregoing *Answer to Defendant Chapel Hill Associates LLC's Crossclaim, with Affirmative Defenses* was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties.

*/s/ David P. Frantz*

DAVID P. FRANTZ (0091352)

*One of the Attorneys for Defendant Marc Glassman Inc. d/b/a Marc's Discount Drug Store*

5