**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPENCER NEAL, et al. | ) | Case NO. 1:25-CV-02008-DCN |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| MARC GLASSMAN, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT EDISON PARK, LTD.'S MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Edison Park, Ltd. ("Edison Park") moves to dismiss the allegations in Plaintiffs' First Amended Complaint for Injunctive Relief and Damages ("Amended Complaint") for failure to state a claim upon which relief can be granted.  The reasons supporting this Motion are more fully explained in the attached Memorandum of Law.

Respectfully submitted,

*/s/ William D. Edwards*
Patrick J. Krebs (0072828)
William D. Edwards (0062861)
Jack Maib (0098846)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
T: (216) 241-2838
F: (216) 241-3707
pkrebs@taftlaw.com
wdedwards@taftlaw.com
jmaib@taftlaw.com

*Attorneys for Defendant Edison Park, Ltd.*

**TABLE OF CONTENTS**

ISSUES PRESENTED.............................................................................................................i

SUMMARY OF ARGUMENTS PRESENTED ........................................................................ii

I.     RELEVANT FACTS ................................................................................................... 2

II.    ARGUMENT ............................................................................................................ 7

    A.    Standards Of Review .......................................................................................... 7

    B.    The ADA Does Not Impose An Obligation For Annual Preventative Maintenance Upon Places Of Public Accommodation .................................................................... 9

    C.    There Is No Commonality Under Rule 23 .................................................. 12

    D.    Oeffner's ADA Claims Are Barred By A Two-Year Statute of Limitations ............... 15

    E.    Plaintiffs Have Not Alleged A Cognizable Claim Under The CSPA .......................... 16

        1.    Plaintiffs' Individual Claims Must Be Dismissed for Failure to Identify a Misrepresentation ................................................................................. 16

        2.    The CSPA Class Claims Fail Because Plaintiffs Have Not Alleged Edison Park Was Given Prior Notice of Deceptive or Unconscionable Conduct................................. 17

    F.    Plaintiff Oeffner's Claims Are Barred Under the Statute of Limitations for Claims Brought Pursuant To The Consumer Sales Practices Act............................................. 18

III.    CONCLUSION........................................................................................................ 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amato v. Gen. Motors Corp.*,
11 Ohio App.3d 124, 463 N.E.2d 625 (1982)...........................................................................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......................................................................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................................................7

*Benzon v. Morgan Stanley Distributors. Inc.*,
420 F. 3d 598 (6th Cir. 2005).........................................................................................................7

*Bower v. Int'l Bus. Machines, Inc.*,
495 F. Supp. 2d 837 (S.D. Ohio 2007) ........................................................................................18

*Castaneda v. Burger King Corp.*,
264 F.R.D. 557 (N.D.Cal.2009)....................................................................................................14

*Deck v. City of Toledo*,
56 F. Supp. 2d 886 (N.D. Ohio Jun. 29, 1999) ...........................................................................15

*Deegan & McGarry v. Med–Cor*,
125 Ohio App.3d 449, 708 N.E.2d 1029 (1998).........................................................................18

*Ewalt v. Gatehouse Media Ohio Holdings II, Inc.*,
No. 2:19-CV-4262, 2021 WL 825978 (S.D. Ohio Mar. 4, 2021)...............................................17

*Gainor v. Worthington City Schs.*,
No. 2:11-CV-561, 2013 WL 6587869 (S.D. Ohio Dec. 13, 2013)............................................15

*Grover v. BMW of N. Am., LLC*,
581 F. Supp. 3d 930 (N.D. Ohio 2022)........................................................................................19

*Harrison v. Progressive Group, et al.*,
No. 1:12 cv 625, 2012 WL 4461503 (N.D. Ohio Sept. 25, 2012).........................................7, 8

*Lasko v. Mobile Hyperbaric Centers, LLC*,
No. 1:19-CV-542, 2021 WL 733768 (N.D. Ohio Feb. 25, 2021)..............................................15

*Marrone v. Philip Morris USA, Inc.*,
110 Ohio St.3d 5, 850 N.E.2d 31 (2006) ....................................................................................17

*Medina Rodriguez v. Canovanas Plaza Rial Econo Rial, LLC*,
2020 WL 3971656 (D.P.R. 2020) ........................................................................................11

*Mielo v. Bob Evans Farms, Inc.*,
No. 14–1036, 2015 WL 1299815 (W.D. Penn. Mar. 23, 2015) ..............................................13

*Mielo v. Steak 'N Shake Operations, Inc.*,
No. 15-180, 2019 WL 1330836 (W.D. Pa. Mar. 25, 2019) .........................................10, 11, 12

*Murphy v. Aaron's, Inc.*,
No. 19-cv-00601-CMA-KLM, 2019 WL 5394050 (D. Colo. Oct. 22, 2019) ........................11

*Neal v. Bhagyalaxmi Hospitality, Inc.*,
Case No. 1:23-cv-00215 (N.D. Ind.)........................................................................................3

*Pilgrim v. Universal Health Card, LLC*,
660 F. 3d 943 (6th Cir. 2011).............................................................................................8, 9

*Ragland v. WorkSTEPS, Inc.*,
784 F. Supp. 3d 1039 (N.D. Ohio 2025)...................................................................................3

*Reeves v. PharmaJet, Inc.*,
846 F. Supp. 2d 791 (N.D. Ohio 2012)...................................................................................17

*Rikos v. Procter & Gamble Co.*,
799 F.3d 497 (6th Cir.2015) ...................................................................................................12

*Robins v. Glob. Fitness Holdings, LLC*,
838 F. Supp. 2d 631 (N.D. Ohio 2012)...................................................................................18

*Rosebrough v. Buckeye Valley High Sch.*,
582 F. App'x 647 (6th Cir. 2014)..............................................................................................1

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)..................................................................................................................6

*Szep v. Gen. Motors LLC*,
491 F. Supp. 3d 280 (N.D. Ohio 2020).......................................................................16, 18, 19

*Temple v. Fleetwood Enterprises, Inc.*,
133 Fed. Appx. 254 (6th Cir. 2005).......................................................................................16

*Thornton v. State Farm Mut. Auto Ins. Co.*,
No. 1:06-cv-18, 2006 WL 3359448 (N.D. Ohio Nov. 17, 2006)............................................19

*Wagner v. White Castle Sys., Inc.*,
309 F.R.D. 425 (S.D. Ohio 2015) ...........................................................................................13

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011).................................................................................................8, 12

*Weisblat v. John Carroll Univ.*,
    748 F. Supp. 3d 517 (N.D. Ohio 2024)...................................................................3

*Williams v. Potomac Fam. Dining Grp. Operating Co., LLC*,
    No. GJH-19-1780, 2020 WL 4207589 (D. Md. July 22, 2020)...............................11

**Statutes**

28 CFR § 36.201(b) ...................................................................................................9

28 CFR § 36.211 ..................................................................................................10, 11

ADA.................................................................................................................. *passim*

Ohio Consumer Sales Practices Act ......................................................................... *passim*

Ohio Rev. Code § 1345.09(B) .................................................................................17, 18

Ohio Rev. Code § 1345.02.......................................................................................16, 18

Ohio Rev. Code § 1345.10(C) .................................................................................18

Ohio Rev. Code § 1345(B)(1)(2) and (4)................................................................2

Ohio Rev. Code § 1345.03(B)(1)(3) and (6)..........................................................2

Ohio Rev. Code § 4112.02....................................................................................... vi, 2

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ..............................................................1, 7

Federal Rule of Civil Procedure 23(a) ...................................................................7

Ohio Administrative Rule 109:4-3-10 .....................................................................2

Rule 23 .................................................................................................. v, vi, 8, 12

Rule 23(a).................................................................................................................8

Rule 23(a)(2)..........................................................................................................12, 14

Rule 23(b) ...............................................................................................................8

## ISSUES PRESENTED

1.      Whether the Americans with Disabilities Act ("ADA") imposes an obligation to perform annual preventative maintenance upon places of public accommodation?

2.      Whether common questions of law and fact exist to satisfy the pleading requirements for Rule 23 commonality?

3.      Whether Plaintiff Oeffner's ADA claims are barred by a Two-Year Statute of Limitations?

4.      Whether Plaintiff Wagner is entitled to any relief against Edison Park when he does not allege that he ever visited the Hartville Property and therefore cannot show that he has suffered any injury as a result of the actions or inactions of Edison Park?

5.      Whether Plaintiffs have alleged a cognizable claim under Ohio's Consumer Sales Practices Act?

## SUMMARY OF ARGUMENTS PRESENTED

Plaintiffs purport to bring this action for permanent injunctive relief individually and on behalf of all disabled persons who have patronized a Marc's Discount Drug Store ("Marc's") at least once since September 22, 2021, alleging violations of Title III of the ADA, 42 U.S.C. §§ 12181 et seq. and Ohio Revised Code §§ 4112.02 et seq. in connection with alleged accessibility barriers at thirty-one Marc's locations visited between the three Plaintiffs and at approximately fifty-two additional unnamed stores operated by Marc's that none of the Plaintiffs have visited.

Plaintiffs seek to "jointly represent" an alleged putative class "for the common objective of obtaining a mandatory injunction requiring all Marc's stores to comply with the ADA's mandate to perform preventative maintenance on automatic doors through annual certified inspections that meet ANSI/BMHA A-156.10's safety standards as applied in AAADM's Inspection Form for Power Operated Doors."

Plaintiffs' theory of recovery, however, is based on a false premise. As a matter of law and contrary to the representations made by Plaintiffs to this Court, the ADA does not impose an obligation to perform annual preventative maintenance upon places of public accommodation. No factual development could remedy this central defect in Plaintiffs' class claim. As a result, Plaintiffs lack the legal commonality required by Rule 23 and do not state a claim upon which relief can be granted. Similarly, Plaintiffs have not pled facts sufficient to establish standing to bring claims on a class-wide basis involving locations they have not visited.

Plaintiff Oeffner's ADA claims against Edison Park are likewise barred by a two-year statute of limitations and Plaintiff Wagner in not entitled to any relief against Edison Park pursuant to the ADA because he does not even allege that he visited the Harville property.

ii

Plaintiffs do not allege a cognizable claim against Edison Park pursuant to Ohio's Consumer Sales Practices Act ("CSPA") because there are no allegations of a misrepresentation made by Edison Park or that Edison Park was placed on notice of any violation of a rule adopted by the Attorney General or an Ohio court decision published by the Attorney General indicating that the conduct alleged by Plaintiffs was improper.  Finally, Plaintiff Oeffner's CSPA claims are barred by the applicable two-year statute of limitations.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPENCER NEAL, et al. | ) | Case NO. 1:25-CV-02008-DCN |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| MARC GLASSMAN, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANT EDISON PARK, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Edison Park, Ltd. ("Edison Park") respectfully moves to dismiss the allegations in Plaintiffs' First Amended Complaint for Injunctive Relief and Damages (the "Amended Complaint"). Plaintiffs lack standing to pursue such claims under Title III of the Americans with Disabilities Act ("ADA") and its Ohio state statute equivalent because they have suffered no injury or risk of injury.[1] Edison Park further moves to dismiss the class allegations of the Amended Complaint for failure to plead a viable class. In addition, some of the claims advanced by Plaintiffs are barred by the applicable statute of limitations. Even accepting all of Plaintiffs' allegations as true, Plaintiffs cannot establish the commonality element required for their class action claims. Plaintiffs also have not alleged a cognizable claim under the Ohio Consumer Sales Practices Act ("CSPA"). Edison Park's Motion to Dismiss should therefore be granted.

---

[1] "Because disability discrimination under Ohio law is treated similarly to discrimination under the ADA, 'we may review [the plaintiff's] state and federal claims solely under the ADA analysis.'" *Rosebrough v. Buckeye Valley High Sch.*, 582 F. App'x 647, 650 (6th Cir. 2014) (quoting *Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 431 (6th Cir. 2012)).

1

## I.　　**<u>RELEVANT FACTS</u>**

Plaintiffs purport to bring this action for permanent injunctive relief individually and on behalf of all disabled persons who have patronized a Marc's Discount Drug Store ("Marc's") at least once since September 22, 2021, alleging violations of Title III of the ADA, 42 U.S.C. §§ 12181 *et seq*. and Ohio Revised Code §§ 4112.02 *et seq*. in connection with alleged accessibility barriers at thirty-one Marc's locations visited between the three Plaintiffs and at approximately fifty-two additional unnamed stores operated by Marc's that none of the Plaintiffs have visited.[2] Plaintiffs seek to "jointly represent" an alleged putative class "for the common objective of obtaining a mandatory injunction requiring all Marc's stores to comply with the ADA's mandate to perform preventative maintenance on automatic doors through annual certified inspections that meet ANSI/BMHA A-156.10's safety standards as applied in AAADM's Inspection Form for Power Operated Doors."[3]

Plaintiffs also allege that Defendants violated Ohio's Consumer Sales Practices Act ("CSPA") in violation of Ohio Revised Code §§ 1345(B)(1)(2) and (4), 1345.03(B)(1)(3) and (6), and Ohio Administrative Rule 109:4-3-10 by engaging in unidentified "unfair, deceptive, and unconscionable acts and practices."[4]

Edison Park owns the real property located at 900 West Maple Street in Hartville, Ohio (the "Hartville property"), which Edison Park agreed to lease to Marc's so that Marc's could operate a retail store.[5]

---

[2] ECF Doc #: 60; PageID #: 486-487, 501, 505-507 at ¶¶ 57, 71, 75, 78, and 79.
[3] *Id.* PageID #: 486-487, 501, 505, and 520 at ¶¶ 51, 71, 75 and 129.
[4] *Id*. PageID #: 522 at ¶¶ 138-139.
[5] *Id.* PageID #: 443 at ¶ 6.

Plaintiff Spencer Neal ("Neal") alleges that he is a "person with physical disabilities" who "requires the use of a wheelchair to travel about in public."[6] Between May 29, 2025 and April 22, 2026, Neal visited nineteen Marc's locations where he experienced "inaccessible elements" which "denied him the proper and legally required access to a public accommodation to (sic) persons with disabilities."[7] Neal does not specifically allege that he is an ADA "tester" in the Amended Complaint.[8] However, Neal (along with the other Plaintiffs) alleges that, "when they obtain injunctive relief, or if this matter privately settles, Plaintiffs intend to return to the Marc's stores to ascertain whether Defendants removed barriers to access which are the subject of this litigation."[9] Neal has also represented to multiple other federal courts that he is, in fact, a tester.[10] Neal's lawsuits include five in the Northern District of Indiana,[11] thirty-eight in the Southern

---

[6] *Id.* PageID #: 442-443 at ¶ 4.

[7] *Id*. PageID #: 454-486 at ¶¶ 37-55.

[8] *See generally id.*

[9] *Id*. PageID #: 512 at ¶ 97.

[10] This Court may take judicial notice of other cases filed by Neal because "court filings from other lawsuits are matters of public record and are appropriate for judicial notice." *Weisblat v. John Carroll Univ.*, 748 F. Supp. 3d 517, 527 (N.D. Ohio 2024); *Ragland v. WorkSTEPS, Inc.*, 784 F. Supp. 3d 1039, 1042 (N.D. Ohio 2025) ("[f]ederal courts may take judicial notice of proceedings in other courts of record) (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969) (collecting cases)). *See e.g., Neal v. Bhagyalaxmi Hospitality, Inc.*, Case No. 1:23-cv-00215 (N.D. Ind.) ECF 1 at ¶ 27, p. 8 ("Furthermore, plaintiff intends to return to the BEST WESTERN hotel as an ADA tester on an annual basis beginning in 2024, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.").

[11] Edison Park requests that the Court take judicial notice of the following cases filed by Neal in the Northern District of Indiana: Neal v. Bhagyalaxmi Hospitality, Inc., Case No. 1:23-cv-00215-GSL-SLC; Neal v. Ohm Ganeshay Inc., Case No. 1:24-cv-00004-CCB-SLC; Neal v. Fort Wayne Garden Hospitality, Inc., Case No. 1:25-cv-00017-HAB-ALT; Neal v. Cotton Girls LLC et al, 1:25CV00260-HAB; Neal v. Welcome Fort Wayne LLC, 1:25CV00076-HAB.

3

District of Ohio,[12] twenty-nine in the Northern District of Ohio,[13] eleven in the Western District of Massachusetts,[14] six in the Western District of Michigan,[15] three in the Maine District Court,[16]

[12]Edison Park requests that the Court take judicial notice of the following cases filed by Neal in the Southern District of Ohio: Neal v. NTK Hotel Group II, LLC, Case No. 2:24-cv-02902-JG-KAJ; Neal v. Hawkstone Associates, Inc., Case No. 2:18-cv-00626-ALM-KAJ; Neal v. Hreet Hospitality LLC, Case No. 2:18-cv-00629-SDM-KAJ; Neal v. R-Roof Assets, LLC, et al., Case No. 2:18-cv-00630-GCS-EPD; Neal v. Morales Real Estate Investments, Ltd., Case No. 2:18-cv-00632-SDM-EPD; Neal v. HIT Portfolio I Owner, LLC, Case No. 2:18-cv-00651-MHW-KAJ; Neal v. Bicentennial Plaza Holding Company, Ltd., Case No. 2:18-cv-00655-EAS-CMV; Neal v. CPLG Properties, LLC, Case No. 2:18-cv-00657-ALM-CMV; Neal v. CF Ventures Ltd., Case No. 2:18-cv-00659-ALM-KAJ; Neal v. Divya Jyoti Ltd., Case No. 2:18-cv-00958-EAS-KAJ; Neal v. DVC 6561-6815 Associates LLC, Case No. 2:18-cv-00977-MHW-KAJ; Neal v. Jay Maharaj, LLC, Case No. 2:18-cv-00989-EAS-KAJ; Neal v. DSW, Inns, LLC, Case No. 2:18-cv-00997-MHW-CMV; Neal v. Campus Hotel, LLC, Case No. 2:18-cv-01560-EAS-CMV; Neal v. Jap Guru, LLC, Case No. 2:18-cv-01562-EAS-KAJ; Neal v. The J. Fred Schmidt Packing Company, Case No. 2:18-cv-01589-SDM-EPD; Neal v. The Pilsner Boys, LLC, et al., Case No. 2:19-cv-00829-JLG-KAJ; Neal v. Kalamata LLC, et al., Case No. 2:19-cv-01645-JLG-CMV; Neal v. Terra Hospitality – OSU I, LLC, Case No. 2:19-cv-02850-SDM-EPD; Neal v. Columbus Worthington Hospitality, LLC, Case No. 2:19-cv-03220-CMV; Neal v. CMP I Columbus II Owner LLC, Case No. 2:19-cv-03245-EAS-CMV; Neal v. Shihil, LLC, Case No. 2:19-cv-03302-MHW-KAJ; Neal v. Ashford Columbus Easton LP, Case No. 2:19-cv-03698-SDM-EPD; Neal v. Apex Hospitality, LLC, Case No. 3:19-cv-00387-WHR-SLO; Neal v. Sunburst Hotels, LLC, Case No. 2:20-cv-00108-EAS-CMV; Neal v. Fado Columbus, LLC, Case No. 2:20-cv-00102-JLG-EPD; Neal v. JAG Black Gold Management Company, Case No. 2:20-cv-00931-MHW-KAJ; Neal v. Ports Petroleum Company, Inc., Case No. 2:20-cv-02916-ALM-KAJ; Neal v. TJM Columbus, LLC, Case No. 2:20-cv-02920-MHW-KAJ; Neal v. Ports Petroleum Company, Inc., Case No. 3:20-cv-00215-MJN-SLO; Neal v. Scioto Downs, Inc., et al., Case No. 2:20-cv-05240-ALM-KAJ; Neal v. GLP Capital, LP, et al., Case No. 2:20-cv-05717-SDM-CMV; Neal v. Columbus Hotel Management Inc., Case No. 2:21-cv-03895-CMV; Neal v. AFP 117 Corp., Case No. 2:23-cv-00696-JLG-EPD; Neal v. Wilcare Delaware LLC, Case No. 2:23-cv-02562-MHW-EPD; Neal v. MHF WC VI, LLC, Case No. 2:24-cv-00619-EAS-KAJ; Neal v. Ohio Expositions Commission, et al., Case No. 2:25-cv-00844-EAS-CMV; Neal v. Batra Hospitality Group, Inc., Case No. 2:25-cv-00991-MHW-KAJ.

[13]Edison Park requests that the Court take judicial notice of the following cases filed by Neal in the Northern District of Ohio: Neal v. Geis Tower Garage, LLC, Case No. 1:24-cv-02094-PAB; Neal v. Mash Family Limited Partnership, Case No. 5:17-cv-00481-TMP; Neal v. Paul A. Sandels, Case No. 5:17-cv-00510-SL; Neal v. Importers Direct, LLC, Case No. 5:17-cv-00514-GJL; Neal v. Speas Mazzola LLC, Case No. 5:17-cv-00992-SL; Neal v. High & Low LLC, Case No. 1:17-cv-01022-WHB; Neal v. Palms Investment, LLC and Fawaz Abuzaid, Case No. 5:17-cv-01053-JRA; Neal v. Second Sole of Youngstown, Inc., et al., LLC, Case No. 1:17-cv-01625-JG; Neal v. 1490 Arlington, Ltd., Case No. 5:17-cv-02009-JRA; Neal v. Cougarz Sports Bar, et al., Case No. 5:17-cv-02036-SL; Neal v. Cindy Lucky 7's LLC, et al., Case No. 5:17-cv-02053-JRA; Neal v. Divyadrashati LLC et al., Case No. 5:17-cv-02074-BYP; Neal v. 426 LLC, et al., Case No. 5:17-cv-02124-GJL; Neal v. Rubber City Haunted Houses, LLC, Case No. 5:17-cv-02191-SL; Neal v. OCI Investments, LLC, Case No. 3:24-cv-00544-JRK; Neal v. Summit County, Office of County Executive, et al., Case No. 5:18-cv-01424-SL; Neal v. Grandpa's Cheese Barn, Inc., Case No. 1:18-cv-01491-DCN; Neal and William Richards v. Metro Regional Transit Authority, et al., Case No. 5:18-cv-02402-SL; Neal v. El Rincon Inc., Case No. 5:18-cv-02799-BYP; Neal v. Pinolo Incorporated, et al., Case No. 5:19-cv-00386-BYP; Neal v. Sadekrady LLC, et al., Case No. 5:19-cv-00488-JRA; Neal v. OFJA Group LLC, Case No. 5:20-cv-00025-SL; Neal v. 229 St. Clair Parking LLC and Optima 55 Public Square LLC, Case No. 1:20-cv-00088-SO; Neal v. Weston Property Investments II, Ltd, Case No. 1:20-cv-00129-SO; Neal v. Zick Enterprises LLC and Pipe Rack, Inc., Case No. 5:20-cv-02528-CEH; Neal v. J&M Hospitality LLC, Case No. 3:22-cv-01898-JRK; Neal v. City of Akron and ABM Industry Group LLC, Case No. 5:23-cv-00783-SL; Neal v. MGP Lessor, LLC, et al., Case No. 5:23-cv-01019-JRA; Neal v. BGR Realty, LLC, Case No. 3:24-cv-01769-DAC.

[14]Edison Park requests that the Court take judicial notice of the following cases filed by Neal in the Western District of Massachusetts: Neal v. Bostonian Hotel Limited Partnership, Case No: 1:22-cv-11775-AK; Neal v. Wharf 8 Associates LLC, Case No. 1:24-cv-11437-DLC; Neal v. Beck South End Carriage LLC and Stanhope Garage, Inc., Case No. 1:24-cv-11439-WGY; Neal v. Washington Street Realty Trust II, Case No. 1:22-cv-12075-IT; Neal v. Three-81 Congress Street, LLC and Virginica LLC, Case No. 1:23-cv-10918-DLC; Neal v. Clarendon Street Associates LLC and Clarendon Restaurant, LLC, Case No. 1:23-cv-11156-JEK; Neal v. Beau Geste XXV LLC, Case No. 1:23-cv-

two in the Western District of Kentucky,[17] two in the New Hampshire District Court,[18] and one in the Western District of Pennsylvania.[19]  In each of these lawsuits, Neal alleges violations of the ADA by the owners and/or operators of public accommodations; specifically, that the defendants failed to remove alleged barriers to accessibility.

Neal alleges that he visited the Hartville property on May 25, 2025 and encountered "inaccessible elements" during his visit.[20]

Plaintiff Vivian Oeffner ("Oeffner") alleges that she is a "person with physical disabilities" who "regularly requires the use of a walker to travel about in public."[21]  Between September 22, 2021 and April 27, 2026, Oeffner visited ten Marc's locations where she experienced "inaccessible elements" which "denied her the proper and legally required access to a public accommodation for persons with disabilities."[22]

Oeffner alleges that she visited the Hartville property on September 22, 2021 "when she was struck violently by a malfunctioning automatic door while crossing the safety zone, causing

---

11251-ADB; Neal v. Omni Boston Corporation, Case No. 1:23-cv-11682-JEK; Neal v. The John J Somers Company, Inc. and CRG B Block, LLC, Case No. 1:24-cv-10523-RGS; Neal v. Union Oyster House Inc. and Denrat Nominee Trust, Philip Y. Denormandie, Trustee, Case No. 1:24-cv-10568-PGL; and Neal v. CJ Washington Street LLC, Case No. 1:25-cv-11369-NMG.

[15] Edison Park requests that the Court take judicial notice of the following cases filed by Neal in the Western District of Michigan:  Neal v. Horizon Battle Creek LLC, Case No. 1:21-cv-00021-RJJ-SJB; Neal v. All City Hospitality, LLC, Case No. 1:21-cv-00872-HYJ-PJG; Neal v. OM Shree Associates, LLC, Case No. 1:22-cv-0001-RJJ-RSK; Neal v. Paw Paw Hotel LLC, Case No. 1:22-cv-00894-JMB-RSK; Neal v. Shaym Radhey Inc., Case No. 1:22-cv-00896-PLM-SJB; Neal v. Centreville Plaza, Inc., Case No. 1:25-cv-00128-RJJ-RSK.

[16] Edison Park requests that the Court take judicial notice of the following cases filed by Neal in the District Court of Maine: Neal v. HC Bangor LLC, Case No. 1:24-cv-00201-KFW; Neal v. Lafayette Bluenose LLC, Case No. 1:23-cv-00234-JDL; and Neal v. Eden Street Trust, Case No. 1:23-cv-00235-JDL.

[17] Edison Park requests that the Court take judicial notice of the following cases filed by Neal in the Western District Court of Kentucky: Neal v. Druco, Inc., Case No. 1:22-cv-00168-GNS-HBB; Richard Wagner and Spencer Neal v. Pranamji, Inc., Case No. 1:23-cv-00167-GNS-HBB.

[18] Edison Park requests that the Court take judicial notice of the following cases filed by Neal in the District Court of New Hampshire:  Neal v. Omni Mount Washington, LLC, Case No. 1:23-cv-00234-SE; and Neal v. Omni Mount Washington, LLC, Case No. 1:23-cv-00314-PB.

[19] Edison Park requests that the Court take judicial notice of the following cases filed by Neal in the Western District of Pennsylvania: Neal v. BCL Properties Management LTD, et al., Case No. 2:20-00561-CCW.

[20] ECF Doc #: 60; PageID #: 454-457 at ¶ 37.

[21] *Id*. PageID #: 442-442 at ¶ 4.

[22] *Id*. PageID #: 487-501 at ¶¶ 58-71.

her serious physical injuries."[23]  Oeffner claims that Marc's maintained "a corporate-wide policy of consistently failing to perform industry-standard preventative maintenance on any automatic door in its network of 60 stores for decades."[24] However, she does not allege that Edison Park was part of this policy or even knew that it existed.   While Oeffner alleges that she visited the Hartville property prior to and following September 22, 2021, she provides no specific dates when those visits purportedly took place.[25]

Plaintiff Richard Wagner ("Wagner") alleges that he is a "person with physical disabilities" who "requires the use of a wheelchair to travel about in public."[26]  On February 24, 2026, Wagner visited two Marc's locations where he experienced "inaccessible elements" which "denied him the proper and legally required access to a public accommodation for persons with physical disabilities."[27]

Wagner does not allege that he has ever visited the Hartville property.[28]  Thus, Wagner cannot claim that he has suffered any injury as a result of the actions or inactions of Edison Park. As such, Wagner lacks standing to maintain a lawsuit in this instance because he has not "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Plaintiffs do not allege that Edison Park has or had any common design policy or plan with the other "Named Defendants" as that term is defined in the Amended Complaint.[29]  Specifically,

---

[23] *Id*. PageID #: 487 at ¶ 58.
[24] *Id*. PageID #: 487 at ¶ 59.
[25] *Id*. PageID #: 487 at ¶ 60.
[26] *Id*. PageID #: 442-443 at ¶ 4.
[27] *Id*. PageID #: 501-505 at ¶¶ 72-73.
[28] *Id*. PageID #: 501-505 at ¶¶ 72-73.
[29] *Id*. PageID #: 441.

6

Plaintiffs fail to identify the substance of any alleged policy or plan relating to the accessibility of the Hartville property.

## II.   ARGUMENT

### A.   Standards Of Review.

When deciding a motion to dismiss under Rule 12(b)(6), the Court "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff."  *See Benzon v. Morgan Stanley Distributors. Inc.*, 420 F. 3d 598, 605 (6th Cir. 2005) (internal citations omitted).  However, a court "need not accept as true unwarranted factual inferences."' *Id.* at 608-609 (6th Cir. 2005) (quoting *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987)).  To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must include "enough facts to state a claim that is plausible on its face." *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 and 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "does not require 'detailed factual allegations,' but it demands more that an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id* (quoting *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

To obtain class certification, a party must meet the four prerequisites of Federal Rule of Civil Procedure 23(a): (1) numerosity – the putative class must be so numerous that joinder of all members is impracticable; (2) commonality – questions of law or fact common to the class must exist; (3) typicality - the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) adequacy of representation – the representative parties must

fairly and adequately protect the interests of the class.  *See Harrison v. Progressive Group, et al.*, No. 1:12 cv 625, 2012 WL 4461503 at *3 (N.D. Ohio Sept. 25, 2012)(Gaughan, J.) (citing *Pilgrim v. Universal Health Card, LLC*, 660 F. 3d 943, 945 (6th Cir. 2011).  In addition, a party seeking class certification must show that the class action is maintainable under one of the three provisions of Rule 23(b), including that:

> (2)  the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief. . . is appropriate respecting the class as a whole; or
>
> (3)  the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods of fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:
>
>> (A)  the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B)  the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C)  the desirability or undesirability of concentrating the litigation of the claims in a particular forum; and
>>
>> (D)  the likely difficulties in managing a class action.

*See id.* *3-4 (citing Fed. R. Civ. P. 23(b) (2), (3)).

Rule 23 is more than a "mere pleading standard."  A party seeking class certification must demonstrate sufficient facts to meet its requirements.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  Certification of a class action is proper only if the trial court is satisfied, after a "rigorous analysis," that the prerequisites of Rule 23(a) have been met.  *See id*.  The Sixth Circuit has held that a party need not wait to file a motion to strike class allegations until a motion seeking class certification is filed.  *See Pilgrim*, 660 F.3d at 945.  In *Pilgrim*, the Sixth Circuit held that the district court properly struck allegations prior to discovery where the discovery would not

8

have "alter[ed] the central defect in the class claim" and because the issue involved "a largely legal determination" that "no proffered factual development offer[ed] any hope of altering." *See id*. at 949.

Here, Plaintiffs attempt to link the Defendants together by alleging that Defendants have failed "to perform ***mandated*** annual preventative maintenance on automatic doors in Marc's retail outlets leased from the Named Defendants…"[30] (emphasis added). However, Plaintiffs' theory of recovery is based on a false premise. Contrary to Plaintiffs' representation, the ADA does not impose an obligation to perform annual preventative maintenance upon places of public accommodation. No factual development could remedy this central defect in Plaintiffs' class claim. As a result, Plaintiffs have not sufficiently pled a question to which there is a common answer. Similarly, Plaintiffs have not pled facts sufficient to establish standing to bring claims on a class-wide basis involving locations they have not visited.

**B. The ADA Does Not Impose An Obligation For Annual Preventative Maintenance Upon Places Of Public Accommodation.**

In the Amended Complaint, Plaintiffs cite to 28 CFR § 36.201(b) for the proposition that the Defendants "are directly or jointly and severally responsible for identifying and removing the architectural barriers in their real property identified herein."[31]

28 CFR § 36.201(b) provides that "[b]oth the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract."

---

[30] *Id*. PageID #: 441-442 at ¶1 (emphasis added); *See also* PageID #: 486-487, 501, 505, and 520 at ¶¶ 57, 71,75, and 129.
[31] *Id*. PageID #: 506 at ¶ 77.

28 CFR § 36.211 provides that "[a] public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part."

However, courts analyzing claims like those brought by Plaintiffs have held that 28 CFR § 36.211 does *not* require such public accommodations to "perform annual preventive maintenance." Here, *Mielo v. Steak 'N Shake Operations, Inc.*, No. 15-180, 2019 WL 1330836 (W.D. Pa. Mar. 25, 2019) is instructive.

The plaintiffs in *Mielo* were wheelchair users who allegedly encountered excessively steep slopes when using purportedly accessible parking spaces, access aisles, and ramps in the parking lot of two of the defendant's restaurants. *Id.* at *1–*2. The *Mielo* plaintiffs relied on § 36.211, and the defendant raised the argument that the provision "in no way suggests an affirmative obligation to seek out any and all barriers to access and repair them." *Id.* at *6. In assessing the parties' positions, the court framed the question at issue as "whether the ADA or its regulations place a burden on Steak 'N Shake to seek out and find ... compliance issues or whether Steak 'N Shake is obligated to act only when alerted to their existence." *Id.* at *7. This formulation reflected the parties' agreement that the defendant would have a duty to remedy specific issues brought to its attention. *Id.*

The court ultimately agreed with the defendant, stating that "the wording of Section 211 simply does not support the burden [the plaintiffs] wish to place on Steak 'N Shake." *Id.* The court found that a public accommodation can fulfill any ADA duties to maintain accessible facilities merely by taking action "when it finds problems or when problems are brought to its attention, which is not the same proposition as requiring it to create a policy to inspect for such problems." *Id.* at *8. "[The plaintiffs'] argument fails when they attempt to place the burden to

10

inspect for such potential issues on the public accommodation, a position that is not supported anywhere in the statute or regulations," the court concluded. *Id.*

The *Mielo* court held that the plaintiffs "cannot escape the plain language of this guidance, namely that the DOJ does not impose any independent requirement for assessment or self-evaluation. If a public accommodation allows conditions to deteriorate to the point that an individual with a disability is deterred or denied access, that individual can sue for an ADA violation, but this does not mean that the public accommodation is also independently liable for failing to notice the condition in the first place." *Id.* at *9. *See also Murphy v. Aaron's, Inc.*, No. 19-cv-00601-CMA-KLM, 2019 WL 5394050 (D. Colo. Oct. 22, 2019) (rejecting argument that defendant was required by § 36.211 to "implement a proactive policy to maintain accessible features," holding that "the ADA does not require non-governmental public accommodations to implement proactive policies," and interpreting DOJ guidance as not requiring public accommodations to establish "independent requirement[s]" for "annual assessment or self-evaluation."); *Williams v. Potomac Fam. Dining Grp. Operating Co., LLC*, No. GJH-19-1780, 2020 WL 4207589, at *10 (D. Md. July 22, 2020) (rejecting claim that "§ 36.211 imposes on places of public accommodation an ongoing duty to examine the accessible features of their facilities… to remediate any failures to comply with the ADA," holding that "[p]laintiff's effort to bootstrap a largely unsupported and somewhat strained reading of § 36.211 into a sweeping obligation to adopt affirmative inspection and maintenance policies is unavailing. The Court thus concludes that to the extent Plaintiff's claims are based on Defendant's purported violation of § 36.211, such claims must be dismissed because § 36.211 does not create an obligation that Defendant can breach"); *Medina Rodriguez v. Canovanas Plaza Rial Econo Rial, LLC*, 2020 WL

11

3971656, at *9 (D.P.R. 2020) (holding that the ADA does not "require[] defendants to establish and implement ADA compliance policies").

Based on the foregoing, the ADA does *not* require annual preventative maintenance. Rather, "[t]he text of the ADA seems to suggest … that disabled patrons … are better served when [public accommodations] are required to spend their limited financial resources on correcting only the access violations that disabled patrons have actually brought to the [public accommodation's] attention—rather than requiring those establishments to expend their limited resources in an ongoing search for potential violations that may not exist." *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 478 n.10, 101 Fed. R. Serv. 3d 343 (3d Cir. 2018).

## C.     There Is No Commonality Under Rule 23.

Rule 23(a)(2) requires that there be "questions of law or fact common to the class" before certification can be granted. "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (internal quotation marks omitted). In *Dukes*, the Supreme Court held that named plaintiffs must show that their claims "depend upon a common contention" that is "of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* It "is not the raising of common 'questions'—even in droves—but, rather, the capacity of a class wide proceeding to generate common *answers* apt to drive the resolution of the litigation" that is determinative. *Id* (emphasis in original). "In other words," the Sixth Circuit has noted, "named plaintiffs must show that there is a common question that will yield a common answer for the class (to be resolved later at the merits stage), and that common

12

answer relates to the actual theory of liability in the case." *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 505 (6th Cir.2015).

Plaintiffs here are not able to establish commonality. *Wagner v. White Castle Sys., Inc.*, 309 F.R.D. 425, 429 (S.D. Ohio 2015). In *Wagner*, the plaintiffs argued that "common factual and legal issues exist as to the named Plaintiffs and all putative class members, including 'whether they have been denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of Defendant's [54 White Castle restaurants] due to Defendant's failure to operate its facilities in compliance with the [ADA],' and the state of and legal adequacy of a number of architectural elements at Defendant's restaurants, such as the parking lots, entrances, dining areas, condiment and drink dispensers, and restrooms." *Id.*

Rejecting the plaintiffs' arguments, the Southern District held that the plaintiffs "have not demonstrated that there is a common answer to the question it poses—whether the putative class members 'have been denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of Defendant's facilities due to Defendant's failure to operate its facilities in compliance with the [ADA].' Plaintiffs present no evidence of a common design or blueprint as to any specific feature of Ohio's 54 White Castle restaurants, or a common policy applicable to the stores." *Id.* at 430-431.

The *Wagner* court further held that "the legal standards for ADA compliance differ with respect to accessibility of new construction and existing facilities" depending on whether each location built "predate[d] the effective date of the ADA," and the plaintiffs "have presented no evidence of the years in which the 54 challenged White Castle restaurants were built and, therefore, which legal standard applies." *Id.* at 431. Thus, the *Wagner* court held that the "central question as posed by Plaintiffs would have to be answered on a restaurant-by-restaurant basis,

and Plaintiffs have not demonstrated that the class members at the various 54 Ohio restaurants would share common legal issues or salient core fact." *Id.* at 432. *See also Mielo v. Bob Evans Farms, Inc.,* No. 14–1036, 2015 WL 1299815 (W.D. Penn. Mar. 23, 2015) (rejecting class of all persons with qualified mobility disabilities who were denied the full and equal access of Bob Evans restaurant locations nationwide, holding that there was "no common answer to the question posed by Plaintiff," because "[defendant] Bob Evans' parking lots do not share a common design," because "the standard for ADA compliance differs with respect to accessibility of new construction and existing facilities...[t]he differences in applicable law would require the court to answer a variety of restaurant-specific questions," and because each restaurant's parking lot would need to be "individually examined," and "its date of construction or alteration determined."); *Castaneda v. Burger King Corp.,* 264 F.R.D. 557, 567 (N.D.Cal.2009) (finding that "commonality" was not met where plaintiffs sought to certify a class against 92 Burger King franchisees, owned and operated by Burger King Corporation, for alleged architectural barriers for wheelchair and scooter users, holding "Plaintiffs have failed to meet their burden under Rule 23(a)(2) because they have not shown either a common core of salient facts—that Burger King Corporation created common barriers to access across multiple restaurant locations—or a shared legal issue—whether there were violations of the ADA or California statutes at each location. As already noted, any shared legal issues, such as Burger King's legal responsibility for violations as a franchisor/lessor, are predicated on an initial determination of the entirely individual issues of whether there is liability at each store in the first place. The lack of commonality with regards to access barriers across multiple facilities weighs heavily against class certification especially where, as here, there is no affirmative centralized plan calling for the alleged barriers at different stores.").

14

Like the plaintiffs above, Plaintiffs rely on the conclusory allegations that common questions of law and fact predominate merely because each location has a Marc's.[32]  However, each location is unique for at least the following reasons: (i) each location has allegedly different barriers to accessibility, (ii) whether each location was on notice of the alleged barriers to accessibility, (iii) each location was built on a different date, and the requirements under the ADA based on the whether each location predates the effective date of the ADA is dispositive, and (iv) each location has a unique design, meaning each store would have to be individually examined. These individual issues predominate, precluding class certification.

### D.     Oeffner's ADA Claims Are Barred By A Two-Year Statute of Limitations.

A claim brought under Title II or Title III of the ADA does not have an administrative-exhaustion requirement, and courts have used relevant state law to determine the proper statute of limitations for such claims. *Gainor v. Worthington City Schs.*, No. 2:11-CV-561, 2013 WL 6587869, at *4 (S.D. Ohio Dec. 13, 2013). The Northern District of Ohio has previously held that "the most analogous statute to the ADA in Ohio appears to be the state personal injury statute." *Deck v. City of Toledo*, 56 F. Supp. 2d 886, 890 (N.D. Ohio Jun. 29, 1999) (noting that a two-year statute of limitations applies to claims under Title III of the ADA); *Lasko v. Mobile Hyperbaric Centers, LLC*, No. 1:19-CV-542, 2021 WL 733768, at *22 (N.D. Ohio Feb. 25, 2021) (did not make determination on merits of statute of limitations argument, but noted that Title III ADA claim subject to two-year statute of limitations).

Oeffner allegedly visited the Hartville property "[o]n or about September 22, 2021…" Oeffner's ADA claims are therefore barred by the two-year statute of limitations because she did not bring her claim on or before September 22, 2023.

---

[32] *Id*. PageID #: 513-515 at ¶¶ 105-106.

15

### E.      Plaintiffs Have Not Alleged A Cognizable Claim Under The CSPA.

The CSPA prohibits suppliers from committing an "unfair or deceptive act or practice" or an "unconscionable act or practice ... in connection with a consumer transaction." Ohio Rev. Code §§ 1345.02. and 1345.03. Under both sections, "such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." Ohio Rev. Code § 1345.02.; *id.* § 1345.03.

"'[U]nfair or deceptive consumer sales practices' are defined as those that mislead consumers about the nature of the product they are receiving, while 'unconscionable acts or practices' relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue." *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 297 (N.D. Ohio 2020) (quoting *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 743 (N.D. Ohio 2010)). Therefore, "[t]o make out a *prima facie* claim under the OCSPA, a plaintiff must show a material misrepresentation, deceptive act or omission that impacted his decision to purchase the item at issue." *Temple v. Fleetwood Enterprises, Inc.*, 133 Fed. Appx. 254, 266 (6th Cir. 2005) (citations omitted). Further, the "[m]ere non-disclosure of a defect, without more, does not fall within the purview of deceptive or unconscionable practices prohibited by the [OCSPA]." *Szep*, 491 F. Supp. 3d at 297 (N.D. Ohio 2020).

### 1.      Plaintiffs' Individual Claims Must Be Dismissed for Failure to Identify a Misrepresentation.

The Southern District of Ohio articulated the following questions to guide an "inquiry" on whether a plaintiff has pled a cognizable claim under the CSPA:

> Have Plaintiffs identified the alleged misrepresentation, deceptive act, omission, or unconscionable conduct? Were the seller's representations at variance with the truth—i.e., false or one-sided in favor of the supplier? Was the misrepresentation, act, omission material, or conduct *material*—that is, did it impact the consumer's

16

> decision to purchase; or, conversely, even if untrue, was the omission or conduct merely incidental to the choices a consumer made upon entering the transaction? Would construal in favor of the Plaintiffs impose unreasonable or undue burdens on Defendant?

*Ewalt v. Gatehouse Media Ohio Holdings II, Inc.*, No. 2:19-CV-4262, 2021 WL 825978, at *16 (S.D. Ohio Mar. 4, 2021) (internal citations omitted).

Here, Plaintiffs have not sufficiently pled their individual claims under the CSPA. Absent in the Amended Complaint are *any* allegations that Edison Park made a misrepresentation, omission, or engaged in any other deceptive conduct. Accordingly, the individual claims must be dismissed. *See Reeves v. PharmaJet, Inc.*, 846 F. Supp. 2d 791, 798 (N.D. Ohio 2012) (dismissing CSPA claim, holding the "Plaintiff does not allege that he saw or was even aware of any alleged misrepresentations.").

> **2.** **The CSPA Class Claims Fail Because Plaintiffs Have Not Alleged Edison Park Was Given Prior Notice of Deceptive or Unconscionable Conduct.**

Under § 1345.09(B), a consumer can assert a class action claim under the CSPA "only if the defendant's alleged violation of the Act is substantially similar to an act or practice previously declared to be deceptive by one of the methods identified in" O.R.C. § 1345.09(B). *Marrone v. Philip Morris USA, Inc.,* 110 Ohio St.3d 5, 850 N.E.2d 31, 33 (2006). The CSPA states, in relevant part:

> Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of his actual damages or two hundred dollars, whichever is

17

> greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.

Ohio Rev. Code § 1345.09(B).

"The prior notice may be in the form of (1) a rule adopted by the Attorney General under O.R.C. § 1345.09(B), or (2) an Ohio court decision published by the Attorney General." *Robins v. Glob. Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 648 (N.D. Ohio 2012); *Bower v. Int'l Bus. Machines, Inc.*, 495 F. Supp. 2d 837, 840 (S.D. Ohio 2007); *Amato v. Gen. Motors Corp.,* 11 Ohio App.3d 124, 463 N.E.2d 625, 632 (1982); *see also, Deegan & McGarry v. Med–Cor,* 125 Ohio App.3d 449, 708 N.E.2d 1029, 1031 (1998) (finding that certification of a class under CSPA "signifies judicial recognition that the practice complained of has previously been determined to be a violation" of section 1345.02 or section 1345.03).

Here, Plaintiffs have not alleged that Edison Park was put on notice of any violation of a rule adopted by the Attorney General or an Ohio court decision published by the Attorney General, and as such, the class claims under the CSPA must be dismissed. *See Bower v. Int'l Bus. Machines, Inc.*, 495 F. Supp. 2d 837, 841 (S.D. Ohio 2007) (dismissing CSPA class action claim, holding "[t]he Plaintiffs have failed to identify in their complaint a rule or judgement that would place the Defendant on notice that the conduct alleged by the Plaintiffs violated the CSPA; consequently pursuit of this claim as a class action is improper").

### F.     Plaintiff Oeffner's Claims Are Barred Under the Statute of Limitations for Claims Brought Pursuant To The Consumer Sales Practices Act.

Even if Plaintiffs stated a cognizable class action claim under the CSPA (they do not), Oeffner's CSPA claims are barred by the applicable statute of limitations.  The CSPA has a two-year statute of limitations. Ohio Rev. Code § 1345.10(C). This two-year limitation is "absolute" when a party seeks damages. *Szep v. Gen. Motors LLC*, 491 F. Supp. 3d 280, 297–98 (N.D. Ohio

18

2020). Further, "[w]hen a plaintiff brings an OCSPA claim based on alleged misrepresentations about the 'standard, quality, or grade' of a purchased consumer good, the statute of limitations begins to run from the time of purchase." *Id.* Because Oeffner's purported visit to the Hartville property occurred on or around September 22, 2021, her claims under the CSPA are barred by the applicable statute of limitations unless otherwise tolled.

Oeffner may argue that the two-year statute of limitations should be tolled as to her claim under the CSPA based on: (i) fraudulent concealment, or (ii) the discovery rule. Neither would toll Oeffner's claims.

First, fraudulent concealment is a type of equitable tolling. *See Thornton v. State Farm Mut. Auto Ins. Co.*, No. 1:06-cv-18, 2006 WL 3359448, at *6 (N.D. Ohio Nov. 17, 2006) (under Ohio law fraudulent concealment is a type of equitable tolling) (citing *Phelps v. Lengyel*, 237 F. Supp. 2d 829, 836 (N.D. Ohio 2002). The standard for fraudulent concealment tolling under Ohio law is as follows:

> "[U]nder certain circumstances Ohio law recognizes that the concealment of a cause of action can toll that statute of limitations." Fraudulent concealment is one of those circumstances. To toll the statute of limitations based on fraudulent concealment, "[a] plaintiff must show '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'"

*Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 948 (N.D. Ohio 2022) (internal citations omitted).

Oeffner has not alleged any wrongful concealment by Edison Park. This is fatal to any argument that her claim under the CSPA should be tolled under wrongful concealment.

Second, "[n]o discovery rule applies to claims for damages under the CSPA." *Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 944 (N.D. Ohio 2022). Here, Plaintiffs allege that they "have suffered actual economic damages, compensatory, incidental, and consequential damages."[33] Accordingly, the discovery rule would not toll Oeffner's claims under the CSPA.

In sum, the "absolute" two-year statute of limitations dooms Oeffner's claims under the CSPA, as her claim must have been brought on or before September 22, 2023, the date of her purported visit to the Hartville property.

### III.     CONCLUSION

For the foregoing reasons, Defendant Edison Park, Ltd. respectfully requests that this Honorable Court grant its motion to dismiss Plaintiffs' First Amended Complaint for Injunctive Relief and Damages with prejudice.

Respectfully submitted,

*/s/ William D. Edwards*
Patrick J. Krebs (0072828)
William D. Edwards (0062861)
Jack Maib (0098846)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
T: (216) 241-2838
F: (216) 241-3707
pkrebs@taftlaw.com
wdedwards@taftlaw.com
jmaib@taftlaw.com

*Attorneys for Defendant Edison Park, Ltd.*

---

[33] *Id*. PageID #: 522 at ¶ 139.

## CERTIFICATE OF SERVICE

I certify that on June 12, 2026, a copy of the foregoing was filed electronically using the Court's Electronic Filing System. Notice of this filing will be sent to all parties listed on the Court's Electronic Filing System. Parties may have access to this filing through the Court's system.

*/s/ William D. Edwards*_____
William D. Edwards (0062861)

*One of the Attorneys for Defendant*
*Edison Park, Ltd.*

## CERTIFICATION

On December 5, 2025, the Court assigned this case to a Standard Track.  Pursuant to Local Rule 7.1(f), I certify that the instant Memorandum complies with the page limitations associated with a Standard Track designation.

*/s/ William D. Edwards*_____
William D. Edwards (0062861)

*One of the Attorneys for Defendant*
*Edison Park, Ltd.*

21